**FILED**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RECEIVED MAR 13 2006
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

APR 1 0 2006
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

| UNITED STATES OF AMERICA, | No. 05-30240 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-93-00127-A-HRH |
| V. | |
| JAIME ERNEST MORENO, aka El Loco, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
H. Russel Holland, Chief Judge, Presiding

Submitted March 9, 2006**
Seattle, Washington

Before: O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

Jamie Moreno appeals his sentence for his conviction of one count of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) & 846 following remand from the Supreme Court and this court for consideration of

---

\*   This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

\*\*   This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*United States v. Booker*, 543 U.S. 220 (2005). We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm.

Moreno argues that the district court clearly erred by finding that drug sales made by Moreno were relevant conduct under U.S.S.G. § 2D1.1. We review for clear error the district court's factual determination that the other drug sales were part of the same course of conduct as the conduct underlying the conviction. *United States v. Hahn*, 960 F.2d 903, 907 (9th Cir. 1992). Moreno's argument that the district court improperly relied on a co-conspirator's statements is without merit. The district court premised most of its findings on Moreno's own admissions of drug dealing. Because Moreno's admitted drug dealing involved similar drugs, the same parties involved in the conspiracy and occurred within the two years prior to the charged cocaine sale, the district court did not clearly err in finding these other incidents to be relevant conduct. *Id.* at 910 (holding that relevant conduct requires "similarity, regularity and temporal proximity").

Moreno asserts that he should have received a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 because he admitted at trial that he sold the two kilograms of cocaine charged in the indictment. We review for clear error the district court's factual finding that Moreno has not accepted responsibility. *United States v. Cantrell*, 433 F.3d 1269, 1284 (9th Cir. 2006).

The district court did not clearly err in light of Moreno's flight, admitted obstruction of justice, denial of participation in the conspiracy and false denial of previously admitted relevant conduct. *Id.* at 1284-85.

Moreno argues that he was a minimal or minor participant under U.S.S.G. § 3B1.2 because he received only $500 and was not involved in many of the transactions of the drug conspiracy. We review for clear error the district court's factual finding that Moreno was not a minor or minimal participant. *Cantrell*, 433 F.3d at 1282. The district court's finding that Moreno was a direct full participant who "had his hand on all of the drugs" is not clearly erroneous. Moreno provided the two kilograms of cocaine for the sale with the knowledge that the cocaine would be redistributed.

We lack jurisdiction over the district court's discretionary decision not to depart downwardly pursuant to U.S.S.G. § 4A1.3. *United States v. Linn*, 362 F.3d 1261, 1262 (9th Cir.), *cert. denied*, 543 U.S. 949 (2004).

AFFIRMED.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

APR 6 - 2006

by
Deputy Clerk