

RECEIVED
SEP 17 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

Page 2

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District **OF ALASKA -- ANCHORAGE** |
|---|---|
| Name (under which you were convicted):<br>**JAIME ERNEST MORENO** | Docket or Case No.:<br>**A93-0127 CR (HRH)** |
| Place of Confinement:<br>**TAFT CORRECTIONAL INSTITUTION** | Prisoner No.:<br>**00809-112** |
| UNITED STATES OF AMERICA<br>v. | Movant (include name under which you were convicted)<br>**JAIME ERNEST MORENO** |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALASKA AT ANCHORAGE**

   (b) Criminal docket or case number (if you know): **A93-0127 CR (HRH)**

2. (a) Date of the judgment of conviction (if you know): **April 22, 2002**

   (b) Date of sentencing: **August 29, 2002**

3. Length of sentence: **235 months**

4. Nature of crime (all counts): **Count 1: Conspiracy to possess with the intent to distribute** Two kilograms **of cocaine in violation of 21 U.S.C. §§ 841(a) & 841(b)(1)(B).**

5. (a) What was your plea? (Check one)
   (1) Not guilty ☒   (2) Guilty ☐   (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? **N/A**

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☒   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☒    No ☐
8. Did you appeal from the judgment of conviction?    Yes ☒    No ☐
9. If you did appeal, answer the following:
   (a) Name of court: __Ninth Circuit Court of Appeals__
   (b) Docket or case number (if you know): __05-30240__
   (c) Result: __Affirmed__
   (d) Date of result (if you know): _____
   (e) Citation to the case (if you know): __Unpublished__
   (f) Grounds raised: __1) Appellant should not have been given an increase under USSG § 2D1.1; 2) Appellant should have been given a decrease for acceptance of responsibility; 3) Appellant should have been given a decrease for role in the offense; 4) Appellant should have been given a decrease based on criminal history.__

   (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☒    No ☐
   If "Yes," answer the following:
   (1) Docket or case number (if you know): _____
   (2) Result: __Denied__
   (3) Date of result (if you know): __October 2, 2006__
   (4) Citation to the case (if you know): __Unknown__
   (5) Grounds raised: __Whether the sentence was unreasonable in light of "Booker."__

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ☐    No ☒
11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: __N/A__
        (2) Docket or case number (if you know): __N/A__
        (3) Date of filing (if you know): __N/A__

    (4) Nature of the proceeding: __N/A__

    (5) Grounds raised: __N/A__

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?  Yes ☐  No ☒  __N/A__

    (7) Result: __N/A__

    (8) Date of result (if you know): __N/A__

(b) If you filed any second motion, petition, or application, give the same information:

    (1) Name of court: __N/A__

    (2) Docket or case number (if you know): __N/A__

    (3) Date of filing (if you know): __N/A__

    (4) Nature of the proceeding: __N/A__

    (5) Grounds raised: __N/A__

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?  Yes ☐  No ☒  __N/A__

    (7) Result: __N/A__

    (8) Date of result (if you know): __N/A__

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1) First petition:  Yes ☐  No ☒  __N/A__

    (2) Second petition:  Yes ☐  No ☒  __N/A__

Page 5

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: __**N/A**__

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE: __**Ineffective Assistance of Counsel During Pretrial in Failing to Inform Petitioner of All Possible Plea Options.**__

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
__**SEE ATTACHED MEMORANDUM OF LAW IN SUPPORT OF HABEAS CORPUS**__

(b) Direct Appeal of Ground One:

 (1) If you appealed from the judgment of conviction, did you raise this issue?

  Yes ☐   No ☒

 (2) If you did not raise this issue in your direct appeal, explain why: **Ineffective assistance of counsel claims are more suitable on habeas corpus rather than in direct review. See Massaro v. United States, 123 S.Ct. 1690 (2003).**

(c) Post-Conviction Proceedings:

 (1) Did you raise this issue in any post-conviction motion, petition, or application?

  Yes ☐   No ☒   **N/A**

 (2) If your answer to Question (c)(1) is "Yes," state:

 Type of motion or petition: __**N/A**__

 Name and location of the court where the motion or petition was filed: __**N/A**__

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(3) Did you receive a hearing on your motion, petition, or application?
    Yes ☐  No ☒   **N/A**

(4) Did you appeal from the denial of your motion, petition, or application?
    Yes ☐  No ☒   **N/A**

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
    Yes ☐  No ☒   **N/A**

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: **N/A**

GROUND TWO: **Ineffective Assistance of Counsel During Sentencing**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**See Attached Memorandum of Law in Support of Habeas Corpus**

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: **Same as Ground One (b)(2).**

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒   **N/A**

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: **N/A**

Name and location of the court where the motion or petition was filed: **N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☒   **N/A**

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

Page 8

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: __**N/A**__

GROUND THREE: __**Ineffective Assistance of Counsel in Failing to Challenge Drug Quantity Under "Apprendi."**__

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**SEE ATTACHED MEMORANDUM OF LAW IN SUPPORT OF HABEAS CORPUS**

(b) Direct Appeal of Ground Three:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: __**Same as Ground One (b)(2).**__

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐   No ☒   **N/A**

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: __**N/A**__

Name and location of the court where the motion or petition was filed: __**N/A**__

Docket or case number (if you know): __**N/A**__

Date of the court's decision: __**N/A**__

Result (attach a copy of the court's opinion or order, if available): __N/A__

(3) Did you receive a hearing on your motion, petition, or application?
    Yes ☐   No ☒    N/A

(4) Did you appeal from the denial of your motion, petition, or application?
    Yes ☐   No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
    Yes ☐   No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: __N/A__

Docket or case number (if you know): __N/A__

Date of the court's decision: __N/A__

Result (attach a copy of the court's opinion or order, if available): __N/A__

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: __N/A__

GROUND FOUR: __Ineffective Assistance on Appeal in Failing to Challenge Based on the "Reasonableness."__

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**SEE ATTACHED MEMORANDUM OF LAW IN SUPPORT OF HABEAS CORPUS**

(b) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☒

(2) If you did not raise this issue in your direct appeal, explain why: **Same as Ground One (b)(2).**

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☒    **N/A**

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: **N/A**

Name and location of the court where the motion or petition was filed: **N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐  No ☒    **N/A**

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: **N/A**

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: **Claims of ineffective assistance are properly raised, not on direct appeal, but in collateral postconviction proceeding, to allow defendant to develop record regarding counsel's alleged in-competence. See Massaro v. United States, 123 S.Ct. 1690 (2003). As such, the instant claims raised by petitioner in this motion cannot be barred by cause and prejudice due that he have presented his reasons for not raised in the early proceeding.**

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?   Yes ☐  No ☒
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. **N/A**

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: **Gerald Vicent Scotti, deceased.**

(b) At arraignment and plea: **Same as (a)**

(c) At trial: **D. Scott Dattan, 2600 Denali Street, Suite 460, Anchorage, Alaska 99513.**

(d) At sentencing: **Mitchel J. Schapira, 310 K Street, Suite 200, Anchorage, Alaska 99501**

(e) On appeal: **Hugh W. Fleischer, 310 K Street, Suite 200, Anchorage, Alaska 99501**

(f) In any post-conviction proceeding: **N/A**

(g) On appeal from any ruling against you in a post-conviction proceeding: **N/A**

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐ No ☒

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future: **N/A**

    (b) Give the date the other sentence was imposed: **N/A**

    (c) Give the length of the other sentence: **N/A**

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐ No ☒

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* **On October 20, 2006, when the United Supreme Court denied petitioner's petition for a writ of certiorari, petitioner's conviction become final. See Clay v. United States, 123 S.Ct. 1072, 1073 (2003)(stating that for the purposes of 28 U.S.C. § 2255, a conviction becomes "final" when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"). Petitioner submits the instant § 2255 petition on** September 13, 2007, **eleven months after his judgment of conviction became final. It would therefore be timely filed since the one-year statute of limitations under AEDPA has not yet expired. As such, petitioner's § 2255 motion is therefore timely, within one-year the final judgment, and a review of the merits on his ineffective assistance claims is warranted.**

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
      (1) the date on which the judgment of conviction became final;
      (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
      (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief: **To set aside his sentence which was erroneously calculated as the product of ineffective assistance of counsel, or , in the alternative to grant an evidentiary hearing to allow petitioner to prove his case.**
or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on **Sept. 13, 2007** (month, date, year).

Executed (signed) on **Sept. 13, 2007** (date).

_____
Signature of Movant
**Jaime E. Moreno, Reg. 00809-112**

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____
_____
_____

IN FORMA PAUPERIS DECLARATION

_____
[Insert appropriate court]
\* \* \* \* \*



JAIME ERNEST MORENO
REG. 00809-112
P.O. BOX 7001/A1A
TAFT, CALIFORNIA 93268

CLERK OF COURT
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA — ANCHORAGE
222 W. 7th Avenue, BOX 4, ROOM 229
ANCHORAGE, ALASKA 99513-7564

U.S. POSTAGE
PAID
TAFT, CA
93268
SEP 14, '07
AMOUNT
$0.00
99513
0003473702