# EXHIBIT C

FILED
APR 2 4 2002
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By ______ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JAIME ERNEST MORENO,

Defendant.

No. A93-0127-CR (HRH)

V E R D I C T

We, the jury, unanimously find defendant JAIME ERNEST MORENO:

GUILTY ✓ NOT GUILTY ____

of conspiracy in relation to cocaine trafficking in violation of Title 21, United States Code, Section 846.

[IF APPLICABLE:]

And that the offense of conspiracy involved [CHECK THE ONE APPLICABLE PARAGRAPH]:

( ) 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance;

(✓) 500 grams or more, but less than 5 kilograms, of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance;



[illegible] but less than 500 grams, of a mixture or substance containing cocaine, a Schedule II controlled substance.

DATED at Anchorage, Alaska, this 23rd day of April, 2002.

Frank M. [illegible]

Presiding Juror

THE COURT: I don't think the verdict form said anything like that. My recall of the verdict is that it asks, was there more than five -- was there more than five kilos, was there more than 500 grams, I think is the two questions.

(Side conversing)

THE COURT: And I think the jury answered that yes, there was more than 500, and no answer to the more than five kilos.

MS. SMITH: That's our recollection, Your Honor, but I -- I haven't personally looked at it recently.

(Pause)

MS. SMITH: Your Honor, it appears your recollection is correct. It says:

"Did the offense of the conspiracy involve -- check either five kilograms or 500 grams or more, but less than five kilograms."

And they checked the "500 grams or more, but less than five kilograms."

MR. SCHAPIRA: I'd ask you to look at the verdict itself.

THE COURT: Well, I --

MR. SCHAPIRA: I must apologize to --

THE COURT: -- I have. That's -- that's why I was able to, I think, accurately recall what it -- what it says. Does it not --

MR. SCHAPIRA: Well, first let me apologize to Ms. Smith because the copy I gave her is not a good one, and -- and you can't see that there's a third choice. Okay. But the choices, I believe, are five kilograms or more, which they declined; 500 kilograms or more, but less than five kilograms, okay --

THE COURT: Yes.

MR. SCHAPIRA: -- which they checked.

THE COURT: Checked.

MR. SCHAPIRA: And then I presume there's another one that says a detectable amount but less than 500 grams. Okay. So there are --

THE COURT: I presume --

MR. SCHAPIRA: -- three choices.

THE COURT: I presume so.

MR. SCHAPIRA: Yeah. So there are three choices, and the verdict says "less than five kilograms" on this conspiracy.

THE COURT: Mm hmm (affirmative).

MR. SCHAPIRA: Now Apprendi is poor shorthand to describe the problem that I'm describing. But the problem is this. When a jury specifically answers the question that there's less than five kilograms, that finding has some weight. For one thing, it obviously has a bearing on what the minimum sentence is. But I also think it's entitled to some weight in terms of defining what is the conspiracy for which he was

convicted.

Now why is that so important? Well, number one, it means the jury specifically rejected the import of the testimony of Helen Arismendy, which was intended to make Jaime responsible for all of the acts of the conspiracy.

(Side conversing)

MR. SCHAPIRA: Second is this. By my calculations -- I went through the notes, I took every reference I could find to -- to drugs. When I say "the notes," I mean the exhibits which were the notes of -- made by the witness. What I find in the notes is that there are a total of four kilograms which come in April -- from April to August of 1991 from Gustavo Velez. Okay. Now from August '91 to May '91 (sic), there was no activity. Okay. Now it may well be that Mr. Moreno said something about activities that occurred from April to August, but that doesn't necessarily make it relevant conduct. Obviously, it's not conduct for which he was convicted. Obviously, it's not a part of the conspiracy for which he was convicted because the jury finding is that the conspiracy involved less than a kilo.

And so now the next question becomes, 'Okay. Well, what makes it relevant?' Well, was it the same players? No. Was it in the same locale? No. Was it contemporaneous or in the same time period? No. Is it the same M.O.? No. So therefore, Your Honor, I would urge this Court to consider that