# EXHIBIT D

Case 3:93-cr-00127-HRH-JDR    Document 212-5    Filed 09/17/2007    Page 2 of 3

would have been favorable. *See United States v. Sukumolachan*, 610 F.2d 685, 687 (9th Cir.1980) (per curiam).

[4] Similarly, the refusal to compel a grant of immunity to Morgan was not error. It is well-settled in this Circuit that compulsory process does not entitle him "to compel a prosecutor to grant immunity to a potential defense witness to get [her] to testify." *Trejo-Zambrano*, 582 F.2d at 464. The district court, on the other hand, can compel a grant of immunity only in limited circumstances, where such a measure is required by due process. *See United States v. Lord*, 711 F.2d 887, 890 (9th Cir.1983); *United States v. Westerdahl*, 945 F.2d 1083, 1086 (9th Cir.1991). Even if Morgan's testimony would have been relevant and non-cumulative, Bailey has failed to establish that the government violated due process by intentionally distorting the fact-finding process. No prosecutorial misconduct is present in this case: the government asserted correctly in the district court that Morgan's plea agreement was not binding on any authority other than the U.S. Attorney for the Central District of California, and Morgan decided to invoke her Fifth Amendment privilege on the advice of counsel. *See United States v. Duran*, 189 F.3d 1071, 1087 (9th Cir.1999). The district court did not err in refusing to compel a grant of use immunity.

**II. Two-level upward sentencing adjustment for supervision**

[5] The district court's factual determination that a defendant qualifies for a role adjustment is reviewed for clear error. *United States v. Maldonado*, 215 F.3d 1046, 1050 (9th Cir.2000). Although it is a close question, we conclude that the district court did not err in enhancing Morgan's sentencing under U.S.S.G. § 3B1.1(c), which provides for a two-level increase "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity" not involving five or more participants, and that is not otherwise extensive.

In this case, Bailey directed Curtis to accept $310,000 in cash to purchase property, told him to place the money in escrow, and to spend it as instructed. On these facts, it was not clear error for the district court to find that Bailey supervised Curtis, and to impose the two-level enhancement.

AFFIRMED.



---

UNITED STATES of America, Plaintiff–Appellee,

v.

Oscar PERALTA–ROMERO, Defendant–Appellant.

No. 02-16190.

D.C. Nos. CV-01-00353-RCC, CR-98-00821-RCC.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2003.*

Decided Nov. 24, 2003.

**Background:** After defendant was found guilty of a crime involving an unspecified amount of marijuana, he filed habeas corpus motion seeking re-sentencing. The United States District Court for the District of Arizona, Raner C. Collins, J., granted motion, and the United States appealed.

**Holdings:** The Court of Appeals held that:
(1) sentencing range was zero to five years and defendant's exposure under related sentencing provision to the imposition of five to 40 years amounted to Apprendi error, and.
(2) federal district court had the inherent power to grant a new sentencing hearing.

Affirmed.

**1. Jury ⟨⟩34(1)**
Sentencing and Punishment ⟨⟩322

Sentencing range for defendant found guilty of crime involving unspecified amount of marijuana was zero to five years, and defendant's exposure under related sentencing provision to the imposition of five to 40 years amounted to Apprendi error. Comprehensive Drug Abuse Prevention and Control Act of 1970, §§ 401(a), (b)(1)(B, D), 406, 21 U.S.C.A. §§ 841(a), (b)(1)(B, D), 846.

**2. Criminal Law ⟨⟩1556**
Apprendi error in exposing defendant found guilty of crime involving unspecified amount of marijuana to the imposition of five to 40 years amounted, instead of proper range of zero to five years, was harmful, and thus, federal district court properly granted defendant's motion to re-sentence on the basis of the Apprendi error. Comprehensive Drug Abuse Prevention and Control Act of 1970, §§ 401(a), (b)(1)(B, D), 406, 21 U.S.C.A. §§ 841(a), (b)(1)(B, D), 846.

**3. Criminal Law ⟨⟩1663**

After federal district court determined that defendant's motion to resentence on basis of Apprendi error met the standards for such motion to vacate, court's inherent authority to sentence was broad and flexible, and court had the inherent power to grant a new sentencing hearing. 28 U.S.C.A. § 2255.

Appeal from the United States District Court for the District of Arizona; Raner C. Collins, District Judge, Presiding.

Oscar Peralta-Romero, pro se, Nogales, AZ, for Petitioner-Appellee.

Robert L. Miskell, Asst. U.S. Atty., USTU-Office of the U.S. Attorney, Tucson, AZ, Paul K. Charlton, Tucson, AZ, for Respondent-Appellant.

Before BEEZER, FISHER, Circuit Judges, and ENGLAND,** District Judge.

**MEMORANDUM*****

The United States appeals the district court's order granting Oscar Peralta-Romero's motion pursuant to 28 U.S.C. § 2255 and the district court's subsequent resentencing of Peralta-Romero from sixty to forty-six months. We affirm the district court's order granting Peralta-Romero's § 2255 motion and its judgment resentencing Peralta-Romero to forty-six months in prison.[1]

1. Because the parties are familiar with the facts we recite them here only as necessary to explain our decision.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed.R.App. P. 34(a)(2).

** The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

**874**   **83 FEDERAL APPENDIX**

The government argues that Peralta-Romero's failure to raise a claim under *Apprendi v. New Jersey* on direct review procedurally defaulted the claim. The claim was not procedurally defaulted. *See English v. United States*, 42 F.3d 473, 477–478 (9th Cir.1994).

**I**

The government argues that Peralta-Romero's failure to raise a claim under *Apprendi v. New Jersey* on direct review procedurally defaulted the claim. The claim was not procedurally defaulted. *See English v. United States*, 42 F.3d 473, 477–478 (9th Cir.1994).

**II**

[1, 2] We have held that the sentencing range for a defendant found guilty of a crime involving an unspecified amount of marijuana in violation of 21 U.S.C. §§ 841(a) and 846 is zero to five years pursuant to § 841(b)(1)(D) and that exposure to the imposition of five to forty years under § 841(b)(1)(B) amounts to *Apprendi* error. *United States v. Velasco-Heredia*, 319 F.3d 1080, 1085 (9th Cir.2003). The district court noted that Peralta-Romero's co-defendant was convicted under essentially the same circumstances as Peralta-Romero, except that the co-defendant was resentenced in light of *Apprendi*. The sentencing range for Peralta-Romero's co-defendant was thirty-seven to forty-six months. Because Peralta-Romero was sentenced under § 841(b)(1)(B), rather than § 841(b)(1)(D), he received a sentence of sixty months. This error was harmful. The district court properly granted Peralta-Romero's § 2255 motion to resentence on the basis of the *Apprendi* error.

**III**

[3] The government contends that the district court does not possess the inherent power to grant a new sentencing hearing. Under 28 U.S.C. § 2255, a prisoner can move the sentencing court to set aside or correct a sentence which "was imposed in violation of the Constitution or laws of the United States, or ... in excess of the maximum authorized by law, or is otherwise subject to collateral attack." After the district court determined that Peralta-Romero's motion successfully met § 2255's

standards the district court's inherent authority to sentence was broad and flexible. *See United States v. Handa*, 122 F.3d 690, 691 (9th Cir.1997). We affirm the district court's judgment reducing Peralta-Romero's sentence.

**AFFIRMED.**



---

Minnie Alcover **TUADLES**, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE**, Respondent.

No. 02-70304.

INS No. A72-517-161.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2003.

Decided Dec. 4, 2003.

**Background:** Alien, a citizen of the Philippines, petitioned for review of the denial of her motion to reopen.

**Holdings:** The Court of Appeals held that:

(1) Court lacked jurisdiction over alien's claim that exceptional circumstances excused her failure to comply with voluntary departure order; but

(2) Court had jurisdiction to hear alien's claim that her due process rights were violated by the denial of her motion to reopen; and

(3) alien was deprived of a meaningful hearing on her motion to reopen.

Remanded with directions.

1. **Aliens** ⇐54.3(1)

 Court of Appeals lacked jurisdiction over alien's claim that exceptional circumstances excused her failure to comply with voluntary departure order; alien failed to exhaust her administrative remedies with respect to issue inasmuch as she first raised issue before Board of Immigration Appeals (BIA) in a motion for reconsideration filed on same day as her appeal, and there had been no ruling on that motion.

2. **Aliens** ⇐54.3(1)

 Court of Appeals had jurisdiction to hear alien's claim that her due process rights were violated by the denial of her motion to reopen; alien was not required to exhaust her administrative remedies. U.S.C.A. Const.Amend. 5; Immigration and Nationality Act, § 106(a), as amended, 8 U.S.C.A.(1994 Ed.) § 1105a(a).

3. **Aliens** ⇐54(5)
 **Constitutional Law** ⇐274.3

 Alien's due process rights were violated when she was deprived of a meaningful hearing on her motion to reopen; Board of Immigration Appeals (BIA) unreasonably delayed in deciding her motion until after her scheduled departure date, and refused to extend the departure date accordingly. U.S.C.A. Const.Amend. 5.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

Reyna M. Tanner, The Law Offices of Manulkin, Glaser and Bennett, Fountain Valley, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Margaret J. Perry, Jennifer L. Lightbody, Norah Ascoli Schwarz, DOJ–U.S. Depart-

*This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

---

**TUADLES v. INS**   **875**
Cite as 83 Fed.Appx. 874 (9th Cir. 2003)

ment of Justice, Washington, DC, for Respondent.

Before BROWNING, PREGERSON and REINHARDT, Circuit Judges.

**MEMORANDUM***

Minnie Alcover Tuadles ("Tuadles"), a citizen of the Philippines, petitions for review of the Board of Immigration Appeal's ("BIA") denial of her motion to reopen. Tuadles asserts the BIA erred because she demonstrated "exceptional circumstances" excusing her failure to depart, and because the BIA's denial of her motion to reopen violated her constitutional rights.

This court reviews denials of motions to reopen for an abuse of discretion. *Celis-Castellano v. Ashcroft*, 298 F.3d 888, 890–91 (9th Cir.2002). When the BIA reviews the Immigration Judge's decision de novo, our review is limited to the BIA's decision. *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir.2000). The BIA's factual findings are reviewed under the substantial evidence standard, and questions of law are reviewed de novo. *Kamalthas v. INS*, 251 F.3d 1279, 1281–82 (9th Cir.2001). The BIA's ruling should not be disturbed unless it acted arbitrarily, irrationally, or contrary to law. *Celis-Castellano*, 298 F.3d at 891.

**I. "Exceptional Circumstances" Claim**

[1] The BIA denied Tuadles's motion to reopen on the ground that under INA § 242(e)(2)(A), Tuadles's failure to comply with her voluntary departure order barred her from adjustment of status consideration for five years from the date she should have departed. Tuadles contends that § 242(e)(2)(A)'s bar to eligibility should not apply because her failure to