G. Blair McCune
Attorney at Law
425 G St., Suite 620
Anchorage, Alaska  99501-2137
Tel. (907) 644-8568
Fax (907) 644-9008
E-mail: mccune@gci.net

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )  <br>                                              )<br>                        Plaintiff,   )<br>                                              )<br>      vs.                                  )<br>                                              )<br>JAIME ERNEST MORENO,       )<br>                                              )<br>                        Defendant.  )<br>_____) | Case No. 3:93-cr-127-01-HRH<br><br>**AMENDED 28 U.S.C. § 2255 MOTION** |

Defendant, by counsel, G. Blair McCune, Attorney at Law, files this amended motion supplementing Mr. Moreno's 28 U.S.C. § 2255 *pro se* motion to set aside, vacate, or correct his sentence.

**I.  INTRODUCTION**

Mr. Moreno filed a lengthy and well-organized *pro se* § 2255 motion supported by a memorandum of law and pertinent exhibits.  (Docket No. 212, "*pro se* motion"; Docket No. 213, "*pro se* memorandum")  The purpose of this amended motion is to supplement the grounds for relief raised in Mr. Moreno's *pro se* motion by raising one additional ground for relief.  Mr. Moreno does not wish to waive or forfeit any of the grounds for relief set out in his

*pro se* motion and requests that this court consider and rule on those grounds for relief as well as the ground counsel raises in this amended motion.

Mr. Moreno's case has a lengthy procedural history. A number of lawyers have reviewed the case and raised a considerable number of legal arguments challenging his 235-month sentence.[1] Despite these efforts, the previous arguments have ultimately been rejected by the courts. Undersigned counsel carefully reviewed the record, the previous decisions, as well as Mr. Moreno's *pro se* motion. Counsel has found only one additional ground for relief that should be raised as a challenge to Mr. Moreno's sentence.

The ground for relief counsel is raising in this amended motion is that Mr. Moreno's sentence should be set aside, vacated or corrected because the statements he gave to Special Agent Henderson should not have been used against him at sentencing. These statements were made in connection with a plea agreement and were privileged under Fed. R. Evid. 410 and Fed. R. Cr. P. 11(e). Although Mr. Moreno could waive this privilege, he did not effectively waive the use of these statements against him at sentencing. *See United States v. Mezzanatto*, *infra*. Mr. Moreno also contends that, notwithstanding Fed. R. Evid. 1101(d)(3), he was entitled to the protection of the privilege of Rule 410 at his sentencing.

In this amended motion, Mr. Moreno will first review the additional factual and procedural history that is not set out in the *pro se* motion and memorandum. He will then address the ground for relief summarized above.

## II.   FACTUAL AND PROCEDURAL HISTORY

Mr. Moreno set out the factual and procedural history of his case in the Course of

---

[1] As noted below, Mr. Moreno also challenged his conviction. This amended petition only raises a challenge to his sentence.

Proceedings section in his *pro se* memorandum at pages 6-10. However, Mr. Moreno's history stops as of the date of his resentencing on August 29, 2002. There have been a number of additional proceedings since that time.

First, Mr. Moreno challenged his conviction and sentence in a direct appeal to the Ninth Circuit in *United States v. Moreno*, 93 Fed. Appx. 131, 2004 WL 500990 (9th Cir. March 12, 2004). The Ninth Circuit affirmed, holding that Mr. Moreno's motion for acquittal was properly denied, that venue was properly in the District of Alaska, and that his sentence was properly imposed. Mr. Moreno then petitioned for a writ of certiorari. The United States Supreme Court granted the petition in *Moreno v. United States*, 543 U.S. 1099, 125 S.Ct. 1050 (January 24, 2005). The Court vacated and remanded the case to the Ninth Circuit for further consideration in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005).

On remand, in *United States v. Moreno*, 125 Fed. Appx. 801, 2005 WL 487315 (9th Cir. March 3, 2005), the Ninth Circuit re-affirmed its decisions on the motion for acquittal and venue issues. But Mr. Moreno's sentence was vacated, and the case was remanded to this court for resentencing in light of *Booker*. After resentencing, this court imposed the same sentence as was originally imposed.

Mr. Moreno again appealed the sentence to the Ninth Circuit. The Ninth Circuit affirmed the sentence in *United States v. Moreno*, 170 Fed. Appx. 490, 2006 WL 616245 (9th Cir. March 9, 2006). The court held that this court did not err in finding that the drug sales made by Mr. Moreno were "relevant conduct" under the, now advisory, Sentencing Guidelines. *Id.* at *1. In so holding, the Ninth Circuit noted that this court "premised most of its findings on Moreno's own admissions of drug dealing." *Id.* Of course, this was a reference to Mr. Moreno's statements to Special Agent Henderson. The court also affirmed this court's denial of a

reduction for acceptance of responsibility and rejected Mr. Moreno's argument that he was a minimal or minor participant in the offenses. *Id.*

Mr. Moreno again petitioned for a writ of certiorari, but the Supreme Court denied the petition in *Moreno v. United States*, 127 S.Ct. 237 (October 2, 2006). Mr. Moreno then filed the present § 2255 motion in this court.

### III. GROUND FOR RELIEF -- ADMITTING MR. MORENO'S PLEA AGREEMENT STATEMENTS VIOLATED HIS RIGHT AGAINST SELF-INCRIMINATION AND EVIDENCE RULE 404; HIS ATTORNEYS' FAILURE TO PURSUE THESE MATTERS VIOLATED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL

A sentence may be set aside or vacated under 28 U.S.C. § 2255 for a violation of the Constitution or laws of the United States. In this ground for relief, Mr. Moreno claims that the statements he made to Special Agent Henderson were inadmissible under Fed. R. Evid. 410 and the similarly-worded criminal rule, Fed. R. Cr. P. 11(e). Mr. Moreno claims that the violation of these rules was also a violation of his right against self-incrimination guaranteed by the fifth amendment to the United States Constitution. Finally, Mr. Moreno claims that his former attorneys' failure to recognize and pursue the Rule 410 and fifth amendment objections constituted ineffective assistance of counsel depriving him of his right to counsel under the sixth amendment to the United States Constitution.

The focal issue of Mr. Moreno's 2002 resentencing was whether he engaged in "relevant conduct" under the sentencing guidelines. The statements Mr. Moreno made to Special Agent Henderson played a key role in establishing the "relevant conduct" which resulted in Mr. Moreno's lengthy, 235-month sentence. Therefore, in reviewing Mr. Moreno's case, undersigned counsel concentrated on the admissibility of the statements and is pursuing the following legal challenge against the statements.

Evidence Rule 410(4) declares inadmissible "any statement made in the course of plea discussions with an attorney for the prosecuting authority which ... result in a plea of guilty later withdrawn." Mr. Moreno's statements to Special Agent Henderson on March 14, 16 and 17, 1994 were statements made in the course of plea discussions. These discussions were conducted and supervised through the United States attorney's office, and Mr. Moreno claims that the statements were "in the course of plea discussions" and subject to the rule.

Shortly after the statements were made, Mr. Moreno left Alaska. He was re-apprehended and sentenced. However, the Ninth Circuit held that Mr. Moreno should have been allowed to withdraw his plea. Mr. Moreno went to trial and was convicted. He was resentenced in proceedings that took place in July and August, 2002. Therefore, the statements were made in connection with a plea that was later withdrawn. Mr. Moreno contends that the basic elements of Rule 410 are met, and his statements are presumptively inadmissible under that rule.

Although plea agreement statements are generally inadmissible, Mr. Moreno must acknowledge that the evidentiary privilege[2] found in Rule 410 can be waived. The United States Supreme Court so held in *United States v. Mezzanatto*, 513 U.S. 196, 115 S.Ct. 797 (1995). *Mezzanatto* was a plurality decision. Three justices concurred in the lead opinion but only because the Court ruled that the Government could use plea agreement statements to rebut the defendant's testimony at trial. *Id.* 513 U.S. at 211, 115 S.Ct. at 806 (Ginsburg, J., concurring). The concurring justices noted that admission of such statements "in the case in chief" might inhibit plea-bargaining in violation of the rule. But because the Government did

---

[2] The court in *Mezzanatto* recognized that the plea agreement rules created "in effect, a privilege of the defendant." *Id.* 513 U.S. at 205, 115 S.Ct. at 803 (citation omitted).

not seek to extend plea statement waivers to cases in chief, the justices concurred. *Id.*

Mr. Moreno was represented at the 2002 sentencing by Mr. Mitchell Shapira.[3] Mr. Shapiro did allude to the fact that the statements made to Special Agent Henderson were plea discussion statements and made the following observation:

> Going beyond that, I would take the view, Your Honor, and I urge you to take this view that -- that that statement made by Mr. Moreno was part of a plea bargain, and it was part of a plea bargain which wasn't -- which -- it was the fruit of a conviction which was overturned. And therefore, Your Honor, it shouldn't be considered under the terms of the proffer or under the fruits of the -- of the tree. "Poison" is perhaps too strong a word, but --

(Docket No. 175 at 9)  This court then strongly disagreed that there was anything "poisoned about the plea agreement," and Mr. Shapira does not appear to have pursued this matter any further. *Id.* at 9-10.

Nevertheless, this court did address the matter of the plea discussion statements at the conclusion of the sentencing proceedings on August 29, 2002. This court stated as follows:

> The government is entitled to use defendant's admissions in this proceeding not just because they are admissions against interest but because of the express terms of the plea agreement which was entered into. The plea agreement contemplated cooperation, but also contemplated that the defendant failed to cooperate, which he did fail to do, the government was entitled to prosecute Mr. Moreno on the basis of his own statements, and it necessarily follows that the government is entitled to use the information received from him in support of their contentions about relevant conduct as regards the offense of conviction in this case.

(Docket No. 118 at 5-6)[4]

---

[3] These proceedings began on July 2, 2002 and extended through August 29, 2002. All proceedings were transcribed and will be referred to by the docket number of the transcript.

[4] The August 29, 2002 proceedings are attached as Exhibit A to Mr. Moreno's per se motion.

The plea agreement itself appears to be filed under seal. (Docket No. 46) However, the portions of the agreement that are relevant to the waiver issue were set out on the record at the 2002 sentencing. (Docket No. 176)  At the August 9, 2002 sentencing hearing, the United States Attorney assigned to the case in 1994 testified that Mr. Moreno and the Government agreed that statements Mr. Moreno gave would not be used against him unless the statements were " determined to be false or materially misleading." *Id.* at 16.  The agreement went on to state that:

> ... in which event, the information, statements or testimony provided by the defendant, including investigative leads derived therefrom, may be used against the defendant, along with any other information in the possession of the United States[,] in the prosecution for criminal offenses related to the transactions and violation to which the defendant has cooperated, as well as in the prosecution for perjury or giving false statements.

*Id.* at 16.

The ground for relief Mr. Moreno now raises to this court is whether this waiver was a sufficient basis to admit to statements. In making this argument, Mr. Moreno relies on the rules of construction for plea agreements. The Ninth Circuit recently decided a case, *United States v. Cope*, __ F.3d ___, 2007 WL 324-3931 (9th Cir. November 5, 2007), that addressed the construction rules. The court held that, for the most part, plea agreements are construed using the "ordinary rules of contract interpretation." *Id.* at *3 (citations omitted).  But, when the Government drafts the plea agreement, "ambiguities are construed in favor of the defendant." *Id.* (citations and internal quotations omitted).

Given these rules of construction, Mr. Moreno contends that, although he could

---

(Docket No. 212-2).

U.S. v. Moreno, 3:93-cr-127  
Amended § 2255 Motion

be held to an agreement that his statements could be used "in the prosecution" for other criminal offenses, he made no agreement that the statements could be used at a sentencing on the same transaction on which the plea agreement was based. Thus, Mr. Moreno respectfully argues that this court's statement noted above that it "necessarily follows" that the statements could be used against him at sentencing is not correct.

Mr. Moreno further contends that, in any event, plea discussion statements made in connection with a plea which is later withdrawn are not admissible in a sentencing proceeding after a defendant goes to trial and is convicted. Mr. Moreno's research has only revealed one out-of-circuit case which addresses the issue of plea discussion statements at sentencing: *United States v. Paden*, 908 F.2d 908 (5th Cir. 1990) (en banc). Mr. Moreno must acknowledge that the court in *Paden* held that the plea discussion statements were admissible. However, Mr. Moreno contends that the case is distinguishable. The defendant in *Paden* made an argument that a break in plea agreement negotiations "cut off" the Government's opportunity to use the statements against him after the negotiations resumed. *Id.* at 1235. Mr. Moreno's case is distinguishable because he actually withdrew his plea.

It must also be acknowledged that the court in *Paden* also noted Fed. R. Evid. 1101(d)(3) states "that the Federal Rules of Evidence did not apply during sentencing." *Paden*, 908 F.2d at 1235 n.3. This court should not follow *Paden* in this respect. Evidence Rule 1101(c) provides that the "rule with respect to privileges applies at all stages of all actions, cases, and proceedings." Also, Rule 1101(d)(3) specifically provides that rules "with respect to privileges" are inapplicable at sentencing (and certain other proceedings). As noted above, the Court in *Mezzanatto* recognized that Rule 410 created "in effect, a privilege of the defendant." *Id.* 513 U.S. at 205, 115 S.Ct. at 803 (citation omitted).

This statement in *Mezzanatto* is not mere *dicta*. The privilege that applies is the privilege against self-incrimination found in the fifth amendment to the United States Constitution. The Fifth Circuit in *Gunsby v. Wainwright*, 596 F.3d 654 (5th Cir. 1979) decided a § 2254 habeas corpus action and held that admission of plea discussion statements violated the self-incrimination provisions of the Fifth Amendment. *Id.* at 655. The Fifth Circuit based this conclusion on the United States Supreme Court case, *Hutto v. Ross*, 429 U.S. 28, 97 S.Ct. 202 (1976). Although the plea bargaining statements in *Hutto v. Ross* were found to be admissible, the Fifth Circuit held that plea bargaining statements that are given as a result of direct or implied promises "would be legally involuntary" and their admission would violate the fifth amendment. *Gunsby*, 596 F.2d at 655-56.

Based on the foregoing argument and authority, Mr. Moreno contends that he is being held in custody in violation of his rights under the fifth amendment and under the laws of the United States. Mr. Moreno also contends that his attorneys' failure to raise effectively the fifth amendment and Evidence Rule 410 arguments noted above violated his right to effective assistance of counsel guaranteed by the sixth amendment.

A criminal defendant is guaranteed effective assistance by the sixth amendment to the United States Constitution. The standards for ineffective assistance claims are set out in the leading United States Supreme Court case of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). Of course, the *Strickland* case is well known to this court and does not need to be reviewed in detail. Basically, *Strickland* establishes a two-pronged test for ineffective assistance. A defendant must show that: 1) his or her attorney's performance was deficient; and 2) that the deficient performance prejudiced the defense.

In the present case, the prejudice prong is clearly established. The increase to

Mr. Moreno's sentence which resulted in a finding of a Level 36 offense under the Sentencing Guidelines and a lengthy 235-month sentence was, without question, based on primarily on Mr. Moreno's statements to Special Agent Henderson. Although Mr. Shapira mentioned, in passing, that there might be a problem with admitting Mr. Moreno's plea agreement statements, he did not pursue this matter effectively. He did not mention Evidence Rule 410. Nor did he argue the lack of a valid waiver of the privilege against self-incrimination as set out above. Moreover, none of the subsequent attorneys argued these important points in any of the subsequent proceedings in the case.

Mr. Moreno must acknowledge that under *Strickland* if Mr. Shapira had a tactical reason for failing to argue the points noted above, ineffective assistance of counsel would generally not be found. But Mr. Moreno contends that, because his plea discussion statements were so critical to his case, there could be no tactical reason for failing to argue these points.

This court should find a violation of the sixth amendment, as well as the fifth amendment and Evidence Rule 410 violations noted above.

## IV. CONCLUSION

Mr. Moreno respectfully requests that this court grant his motion to vacate or set aside his conviction based on the grounds he raised in his *pro se* motion and memorandum and on the ground raised in this amended petition.

DATED at Anchorage, Alaska December 3, 2007.

RESPECTFULLY SUBMITTED,

　　　　　　　　　　　　　　　　　　____s/ G. Blair McCune____
　　　　　　　　　　　　　　　　　　G. BLAIR McCUNE
　　　　　　　　　　　　　　　　　　Attorney for Defendant

425 G St., Suite 620
Anchorage, Alaska 99501-2137
Tel. (907) 644-8568
Fax (907) 644-9008
E-mail: mccune@gci.net
Alaska Bar No. 7906037

Certification

I certify that on December 3, 2007 a copy of Defendant's
**AMENDED 28 U.S.C. § 2255 MOTION**
was served electronically on:

Mr. Joseph W. Bottini
Assistant United States Attorney

___s/ G. Blair McCune___
Attorney at Law