Westlaw.

21 Fed.Appx. 739
21 Fed.Appx. 739, 2001 WL 1382025 (C.A.9 (Alaska))
**(Cite as: 21 Fed.Appx. 739)**

Page 1

**H**
U.S. v. Moreno
C.A.9 (Alaska),2001.
This case was not selected for publication in the Federal Reporter.Please use FIND to look at the applicable circuit court rule before citing this opinion. (FIND CTA9 Rule 36-3.)
United States Court of Appeals,Ninth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jamie Ernest MORENO, Defendant-Appellant.
**No. 99-30347.**
**D.C. No. CR-93-00127-HRH.**

Argued and Submitted Sept. 12, 2001.
Decided Nov. 7, 2001.

Appeal from the United States District Court for the District of Alaska H. Russel Holland, District Judge, Presiding.

Before REINHARDT, HAWKINS and RAWLINSON, Circuit Judges.

MEMORANDUM [FN*]

FN* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

*1 Jamie Ernest Moreno ("Moreno") pled guilty to one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and § 846, pursuant to a plea agreement.

Moreno and the government agree that the district court judge failed to set forth the nature of the conspiracy charge during the plea colloquy. Accordingly, Moreno's plea cannot stand. *See United States v. Bruce,* 976 F.2d 552, 560 (9th Cir.1992).

Moreno's guilty plea and sentence are therefore vacated, and the case remanded to the district court for further proceedings.

VACATED AND REMANDED.

C.A.9 (Alaska),2001.
U.S. v. Moreno
21 Fed.Appx. 739, 2001 WL 1382025 (C.A.9 (Alaska))

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

93 Fed.Appx. 131
93 Fed.Appx. 131, 2004 WL 500990 (C.A.9 (Alaska))
**(Cite as: 93 Fed.Appx. 131)**

Page 1

U.S. v. Moreno
C.A.9 (Alaska),2004.
This case was not selected for publication in the Federal Reporter.Please use FIND to look at the applicable circuit court rule before citing this opinion. (FIND CTA9 Rule 36-3.)
United States Court of Appeals,Ninth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jamie Ernest MORENO, Defendant-Appellant.
**No. 02-30286.**
**D.C. No. CR-93-00127-AK-HRH.**

Argued and Submitted March 2, 2004.
Decided March 12, 2004.

**Background:** Defendant pled guilty in the United States District Court for the District of Alaska, H. Russel Holland, Chief Judge, to one count of conspiracy to distribute cocaine, and he appealed. The Court of Appeals, 21 Fed.Appx. 739, vacated and remanded. On remand, the United States District Court for the District of Alaska, H. Russel Holland, Chief Judge, denied defendant's motion for acquittal, and he appealed.

**Holding:** The Court of Appeals held that federal district court's denial of defendant's motion for acquittal on charge of conspiracy to distribute cocaine did not amount to plain error, given that defendant knew that cocaine that he sold would be broken down and distributed for resale, regardless of whether defendant knew that cocaine was destined for Alaska.

Affirmed.

West Headnotes

**[1] Criminal Law 110 €═1042**

110 Criminal Law
　110XXIV Review
　　110XXIV(E) Presentation and Reservation in Lower Court of Grounds of Review
　　　110XXIV(E)1 In General
　　　　110k1042 k. Sentence or Judgment. Most Cited Cases
Federal district court's denial of defendant's motion for acquittal on charge of conspiracy to distribute cocaine did not amount to plain error, where defendant knew that cocaine that he sold would be broken down and distributed for resale, and it was not necessary that defendant knew that cocaine was destined for Alaska. Comprehensive Drug Abuse Prevention and Control Act of 1970, §§ 401(a)(1), 406, 21 U.S.C.A. §§ 841(a)(1), 846.

**[2] Criminal Law 110 €═113**

110 Criminal Law
　110IX Venue
　　110IX(A) Place of Bringing Prosecution
　　　110k113 k. Offenses Against United States. Most Cited Cases
Venue for trial on charge of conspiracy to distribute cocaine was properly laid in District of Alaska, where money for the purchase came from there and cocaine supplied by defendant was transported there for distribution. 18 U.S.C.A. § 3237(a).

**[3] Criminal Law 110 €═1023(11)**

110 Criminal Law
　110XXIV Review
　　110XXIV(C) Decisions Reviewable
　　　110k1021 Decisions Reviewable
　　　　110k1023 Appealable Judgments and Orders
　　　　　110k1023(11) k. Requisites and Sufficiency of Judgment or Sentence. Most Cited Cases
Because defendant's sentence for conspiracy to distribute cocaine was below statutory maximum, his argument that quantity for which he was accountable should have been determined by jury was foreclosed.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

93 Fed.Appx. 131                                                                 Page 2
93 Fed.Appx. 131, 2004 WL 500990 (C.A.9 (Alaska))
(Cite as: 93 Fed.Appx. 131)

[4] Sentencing and Punishment 350H ←→765

350H Sentencing and Punishment
　350HIV Sentencing Guidelines
　　350HIV(C) Adjustments
　　　350HIV(C)3 Factors Decreasing Offense Level
　　　　350Hk765 k. Acceptance of Responsibility. Most Cited Cases
Federal district court did not clearly err in denying sentencing adjustment for acceptance of responsibility where defendant fled and never admitted guilt. U.S.S.G. § 3E1.1, comment. (n. 1(a)), 18 U.S.C.A.

*132 Appeal from the United States District Court for the District of Alaska, H. Russel Holland, Chief Judge, Presiding.
Jo Ann Farrington, USAK-Office of the U.S. Attorney, Anchorage, AK, for Plaintiff-Appellee.
Jamie Ernest Moreno, Federal Detention Center, Seattle, WA, Jeffrey Brandt, Rolbinson & Brandt, P.S.C., Cincinnati, OH, for Defendant-Appellant.

Before O'SCANNLAIN, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM[FN*]

FN* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

**1 Jamie Ernest Moreno appeals his conviction and sentence on one count of conspiracy to distribute cocaine. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

I

[1] We review the denial of Moreno's motion for acquittal for plain error because it was not renewed at the close of all the evidence. *United States v. Alvarez-Valenzuela,* 231 F.3d 1198, 1200-01 (9th Cir.2000). There was none, as Moreno knew that the cocaine which he sold would be broken down and distributed for resale. *Cf. United States v. Lennick,* 18 F.3d 814, 818-20 (9th Cir.1994) (involving growth and gift of marijuana for personal use). It is not necessary that he knew the cocaine was destined for Alaska. *See, e.g., United States v. Herrera-Gonzalez,* 263 F.3d 1092, 1095 (9th Cir.2001) (observing that a defendant need not have known all the conspirators, participated in the conspiracy from the beginning, been part of all its enterprises, or known all its details). From all the evidence, a rational trier of fact could find beyond a reasonable doubt that Moreno had at least a slight connection to the Echavarria/Alaska conspiracy. *See United States v. Skillman,* 922 F.2d 1370, 1373 (9th Cir.1990) (noting that slight connection may be proved by a defendant's willful participation in the illegal objective of a conspiracy with intent to further some purpose of it).

II

[2] Venue was not improperly laid in the District of Alaska as money for the purchase came from there and the cocaine supplied by Moreno was transported there for distribution. 18 U.S.C. § 3237(a); *see United States v. Childs,* 5 F.3d 1328, 1332 (9th Cir.1993) (upholding venue in district where evidence as a whole supports inference that the crime was committed); *United States v. Barnard,* 490 F.2d 907, 910 (9th Cir.1973) ("[T]he law is that an overt act committed in the course of a conspiracy which occurs in a district gives rise to jurisdiction to prosecute the conspirators in that district.").

III

Even if clear and convincing evidence were required for the relevant conduct *133 charged to Moreno, the district court's findings suffice.

[3] Moreno's sentence was below the statutory maximum, so his argument that the quantity for which he is accountable should have been determined by the jury is foreclosed by *Harris v. United States,*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

93 Fed.Appx. 131                                                                                           Page 3
93 Fed.Appx. 131, 2004 WL 500990 (C.A.9 (Alaska))
**(Cite as: 93 Fed.Appx. 131)**

536 U.S. 545, 557-58, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) (Kennedy, J., plurality).

[4] Finally, the district court did not clearly err in denying an adjustment for acceptance of responsibility. Moreno fled and never admitted guilt. *See* USSG § 3E1.1, application note 1(a); *United States v. Ginn,* 87 F.3d 367, 370-71 (9th Cir.1996).

AFFIRMED.

C.A.9 (Alaska),2004.
U.S. v. Moreno
93 Fed.Appx. 131, 2004 WL 500990 (C.A.9 (Alaska))

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

125 Fed.Appx. 801                                                                                                                Page 1
125 Fed.Appx. 801, 2005 WL 487315 (C.A.9)
**(Cite as: 125 Fed.Appx. 801)**

**H**
U.S. v. Moreno
C.A.9,2005.
This case was not selected for publication in the Federal Reporter.Please use FIND to look at the applicable circuit court rule before citing this opinion. (FIND CTA9 Rule 36-3.)
United States Court of Appeals,Ninth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jamie Ernest MORENO, Defendant-Appellant.
No. 02-30286.
D.C. No. CR-93-00127-AK-HRH.

March 3, 2005.

**Background:** On petition for writ of certiorari to the United States Court of Appeals for the Ninth Circuit. Motion of petitioner for leave to proceed in forma pauperis and petition for writ of certiorari granted. Judgment vacated, and case remanded to the United States Court of Appeals for the Ninth Circuit for further consideration in light of *United States v. Booker*, 543 U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

**Holdings:** On remand, the Court of Appeals held that:
(1) defendant had at least slight connection to drug distribution conspiracy where he knew that cocaine he sold would be broken down and distributed for resale, and
(2) venue was in district of Alaska.

Conviction affirmed; sentenced vacated and remanded.

West Headnotes

**[1] Conspiracy 91 €══47(12)**

91 Conspiracy
   91II Criminal Responsibility
      91II(B) Prosecution
         91k44 Evidence

            91k47 Weight and Sufficiency
               91k47(3) Particular Conspiracies
                  91k47(12) k. Narcotics and Dangerous Drugs. Most Cited Cases
Defendant had at least a slight connection to drug conspiracy, and thus, conviction for conspiracy to distribute cocaine would be upheld, where defendant knew that the cocaine which he sold would be broken down and distributed for resale, even though he did not know it was destined for Alaska.

**[2] Criminal Law 110 €══113**

110 Criminal Law
   110IX Venue
      110IX(A) Place of Bringing Prosecution
         110k113 k. Offenses Against United States. Most Cited Cases
Venue for drug conspiracy case was properly laid in the District of Alaska where money for the purchase came from there and the cocaine supplied by defendant was transported there for distribution. 18 U.S.C.A. § 3237(a).

*801 Jo Ann Farrington, Esq., Office Of The U.S. Attorney Federal Bldg. & U.S. Courthouse, Anchorage, AK, for Plaintiff-Appellee.
Jamie Ernest Moreno, Federal Detention Center, Seattle, WA, pro se.

On Remand from the United States Supreme Court.

Before O'SCANNLAIN, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM [FN*]

FN* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

**\*\*1** [1] Jamie Ernest Moreno appealed his convic-

125 Fed.Appx. 801 
125 Fed.Appx. 801, 2005 WL 487315 (C.A.9) 
(Cite as: 125 Fed.Appx. 801)

Page 2

tion and sentence on one count of conspiracy to distribute cocaine. We affirmed Moreno's conviction and sentence in a memorandum disposition. *United States v. Moreno,* 93 Fed.Appx. 131 (9th Cir.2004) (unpublished disposition). The Supreme Court vacated that disposition and remanded to this court for further consideration in light of *United States v. Booker,* --- U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *Moreno v. United States,* --- U.S. ----, 125 S.Ct. 1050, 160 L.Ed.2d 994 (2005). We affirm Moreno's *802 conviction, vacate his sentence, and remand for resentencing.

I

We review the denial of Moreno's motion for acquittal for plain error because it was not renewed at the close of all the evidence. *United States v. Alvarez-Valenzuela,* 231 F.3d 1198, 1200-01 (9th Cir.2000). There was none, as Moreno knew that the cocaine which he sold would be broken down and distributed for resale. *Cf. United States v. Lennick,* 18 F.3d 814, 818-20 (9th Cir.1994) (involving growth and gift of marijuana for personal use). It is not necessary that he knew the cocaine was destined for Alaska. *See, e.g., United States v. Herrera-Gonzalez,* 263 F.3d 1092, 1095 (9th Cir.2001) (observing that a defendant need not have known all the conspirators, participated in the conspiracy from the beginning, been part of all its enterprises, or known all its details). From all the evidence, a rational trier of fact could find beyond a reasonable doubt that Moreno had at least a slight connection to the Echavarria/Alaska conspiracy. *See United States v. Skillman,* 922 F.2d 1370, 1373 (9th Cir.1990) (noting that slight connection may be proved by a defendant's willful participation in the illegal objective of a conspiracy with intent to further some purpose of it).

II

[2] Venue was not improperly laid in the District of Alaska as money for the purchase came from there and the cocaine supplied by Moreno was transported there for distribution. 18 U.S.C. § 3237(a); *see United States v. Childs,* 5 F.3d 1328, 1332 (9th Cir.1993) (upholding venue in district where evidence as a whole supports inference that the crime was committed); *United States v. Barnard,* 490 F.2d 907, 910 (9th Cir.1973) ("[T]he law is that an overt act committed in the course of a conspiracy which occurs in a district gives rise to jurisdiction to prosecute the conspirators in that district.").

III

Moreno's sentence is vacated, and the case is remanded for resentencing in light of *United States v. Booker,* --- U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

CONVICTION AFFIRMED; SENTENCE VACATED and REMANDED.

C.A.9,2005. 
U.S. v. Moreno 
125 Fed.Appx. 801, 2005 WL 487315 (C.A.9)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.