Westlaw.

21 Fed.Appx. 739                                                                                                              Page 1
21 Fed.Appx. 739, 2001 WL 1382025 (C.A.9 (Alaska))
**(Cite as: 21 Fed.Appx. 739)**

**H**
U.S. v. Moreno
C.A.9 (Alaska),2001.
This case was not selected for publication in the Federal Reporter.Please use FIND to look at the applicable circuit court rule before citing this opinion. (FIND CTA9 Rule 36-3.)
United States Court of Appeals,Ninth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jamie Ernest MORENO, Defendant-Appellant.
**No. 99-30347.**
**D.C. No. CR-93-00127-HRH.**

Argued and Submitted Sept. 12, 2001.
Decided Nov. 7, 2001.

Appeal from the United States District Court for the District of Alaska H. Russel Holland, District Judge, Presiding.

Before REINHARDT, HAWKINS and RAWLINSON, Circuit Judges.

MEMORANDUM [FN*]

FN* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

*1 Jamie Ernest Moreno ("Moreno") pled guilty to one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and § 846, pursuant to a plea agreement.

Moreno and the government agree that the district court judge failed to set forth the nature of the conspiracy charge during the plea colloquy. Accordingly, Moreno's plea cannot stand. *See United States v. Bruce,* 976 F.2d 552, 560 (9th Cir.1992).

Moreno's guilty plea and sentence are therefore vacated, and the case remanded to the district court for further proceedings.

VACATED AND REMANDED.

C.A.9 (Alaska),2001.
U.S. v. Moreno
21 Fed.Appx. 739, 2001 WL 1382025 (C.A.9 (Alaska))

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

93 Fed.Appx. 131
93 Fed.Appx. 131, 2004 WL 500990 (C.A.9 (Alaska))
**(Cite as: 93 Fed.Appx. 131)**

Page 1

▶
U.S. v. Moreno
C.A.9 (Alaska),2004.
This case was not selected for publication in the Federal Reporter.Please use FIND to look at the applicable circuit court rule before citing this opinion. (FIND CTA9 Rule 36-3.)
United States Court of Appeals,Ninth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jamie Ernest MORENO, Defendant-Appellant.
**No. 02-30286.**
**D.C. No. CR-93-00127-AK-HRH.**

Argued and Submitted March 2, 2004.
Decided March 12, 2004.

**Background:** Defendant pled guilty in the United States District Court for the District of Alaska, H. Russel Holland, Chief Judge, to one count of conspiracy to distribute cocaine, and he appealed. The Court of Appeals, 21 Fed.Appx. 739, vacated and remanded. On remand, the United States District Court for the District of Alaska, H. Russel Holland, Chief Judge, denied defendant's motion for acquittal, and he appealed.

**Holding:** The Court of Appeals held that federal district court's denial of defendant's motion for acquittal on charge of conspiracy to distribute cocaine did not amount to plain error, given that defendant knew that cocaine that he sold would be broken down and distributed for resale, regardless of whether defendant knew that cocaine was destined for Alaska.

Affirmed.

West Headnotes

**[1] Criminal Law 110 ⇌1042**

110 Criminal Law
 110XXIV Review
  110XXIV(E) Presentation and Reservation in Lower Court of Grounds of Review
   110XXIV(E)1 In General
    110k1042 k. Sentence or Judgment. Most Cited Cases
Federal district court's denial of defendant's motion for acquittal on charge of conspiracy to distribute cocaine did not amount to plain error, where defendant knew that cocaine that he sold would be broken down and distributed for resale, and it was not necessary that defendant knew that cocaine was destined for Alaska. Comprehensive Drug Abuse Prevention and Control Act of 1970, §§ 401(a)(1), 406, 21 U.S.C.A. §§ 841(a)(1), 846.

**[2] Criminal Law 110 ⇌113**

110 Criminal Law
 110IX Venue
  110IX(A) Place of Bringing Prosecution
   110k113 k. Offenses Against United States. Most Cited Cases
Venue for trial on charge of conspiracy to distribute cocaine was properly laid in District of Alaska, where money for the purchase came from there and cocaine supplied by defendant was transported there for distribution. 18 U.S.C.A. § 3237(a).

**[3] Criminal Law 110 ⇌1023(11)**

110 Criminal Law
 110XXIV Review
  110XXIV(C) Decisions Reviewable
   110k1021 Decisions Reviewable
    110k1023 Appealable Judgments and Orders
     110k1023(11) k. Requisites and Sufficiency of Judgment or Sentence. Most Cited Cases
Because defendant's sentence for conspiracy to distribute cocaine was below statutory maximum, his argument that quantity for which he was accountable should have been determined by jury was foreclosed.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

93 Fed.Appx. 131                                                                                                    Page 2
93 Fed.Appx. 131, 2004 WL 500990 (C.A.9 (Alaska))
(Cite as: 93 Fed.Appx. 131)

[4] Sentencing and Punishment 350H ⇔765

350H Sentencing and Punishment
    350HIV Sentencing Guidelines
        350HIV(C) Adjustments
            350HIV(C)3 Factors Decreasing Offense Level
                350Hk765 k. Acceptance of Responsibility. Most Cited Cases
Federal district court did not clearly err in denying sentencing adjustment for acceptance of responsibility where defendant fled and never admitted guilt. U.S.S.G. § 3E1.1, comment. (n. 1(a)), 18 U.S.C.A.

*132 Appeal from the United States District Court for the District of Alaska, H. Russel Holland, Chief Judge, Presiding.
Jo Ann Farrington, USAK-Office of the U.S. Attorney, Anchorage, AK, for Plaintiff-Appellee.
Jamie Ernest Moreno, Federal Detention Center, Seattle, WA, Jeffrey Brandt, Rolbinson & Brandt, P.S.C., Cincinnati, OH, for Defendant-Appellant.

Before O'SCANNLAIN, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM[FN*]

FN* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

**1 Jamie Ernest Moreno appeals his conviction and sentence on one count of conspiracy to distribute cocaine. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

I

[1] We review the denial of Moreno's motion for acquittal for plain error because it was not renewed at the close of all the evidence. *United States v. Alvarez-Valenzuela*, 231 F.3d 1198, 1200-01 (9th Cir.2000). There was none, as Moreno knew that the cocaine which he sold would be broken down and distributed for resale. *Cf. United States v. Lennick*, 18 F.3d 814, 818-20 (9th Cir.1994) (involving growth and gift of marijuana for personal use). It is not necessary that he knew the cocaine was destined for Alaska. *See, e.g., United States v. Herrera-Gonzalez*, 263 F.3d 1092, 1095 (9th Cir.2001) (observing that a defendant need not have known all the conspirators, participated in the conspiracy from the beginning, been part of all its enterprises, or known all its details). From all the evidence, a rational trier of fact could find beyond a reasonable doubt that Moreno had at least a slight connection to the Echavarria/Alaska conspiracy. *See United States v. Skillman*, 922 F.2d 1370, 1373 (9th Cir.1990) (noting that slight connection may be proved by a defendant's willful participation in the illegal objective of a conspiracy with intent to further some purpose of it).

II

[2] Venue was not improperly laid in the District of Alaska as money for the purchase came from there and the cocaine supplied by Moreno was transported there for distribution. 18 U.S.C. § 3237(a); *see United States v. Childs*, 5 F.3d 1328, 1332 (9th Cir.1993) (upholding venue in district where evidence as a whole supports inference that the crime was committed); *United States v. Barnard*, 490 F.2d 907, 910 (9th Cir.1973) ("[T]he law is that an overt act committed in the course of a conspiracy which occurs in a district gives rise to jurisdiction to prosecute the conspirators in that district.").

III

Even if clear and convincing evidence were required for the relevant conduct *133 charged to Moreno, the district court's findings suffice.

[3] Moreno's sentence was below the statutory maximum, so his argument that the quantity for which he is accountable should have been determined by the jury is foreclosed by *Harris v. United States*,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

93 Fed.Appx. 131                                                                                         Page 3
93 Fed.Appx. 131, 2004 WL 500990 (C.A.9 (Alaska))
**(Cite as: 93 Fed.Appx. 131)**

536 U.S. 545, 557-58, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) (Kennedy, J., plurality).

[4] Finally, the district court did not clearly err in denying an adjustment for acceptance of responsibility. Moreno fled and never admitted guilt. *See* USSG § 3E1.1, application note 1(a); *United States v. Ginn,* 87 F.3d 367, 370-71 (9th Cir.1996).

AFFIRMED.

C.A.9 (Alaska),2004.
U.S. v. Moreno
93 Fed.Appx. 131, 2004 WL 500990 (C.A.9 (Alaska))

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

125 Fed.Appx. 801                                                                                                                  Page 1
125 Fed.Appx. 801, 2005 WL 487315 (C.A.9)
**(Cite as: 125 Fed.Appx. 801)**

**H**
U.S. v. Moreno
C.A.9,2005.
This case was not selected for publication in the Federal Reporter.Please use FIND to look at the applicable circuit court rule before citing this opinion. (FIND CTA9 Rule 36-3.)
United States Court of Appeals,Ninth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jamie Ernest MORENO, Defendant-Appellant.
No. 02-30286.
D.C. No. CR-93-00127-AK-HRH.

March 3, 2005.

**Background:** On petition for writ of certiorari to the United States Court of Appeals for the Ninth Circuit. Motion of petitioner for leave to proceed in forma pauperis and petition for writ of certiorari granted. Judgment vacated, and case remanded to the United States Court of Appeals for the Ninth Circuit for further consideration in light of *United States v. Booker*, 543 U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

**Holdings:** On remand, the Court of Appeals held that:
(1) defendant had at least slight connection to drug distribution conspiracy where he knew that cocaine he sold would be broken down and distributed for resale, and
(2) venue was in district of Alaska.

Conviction affirmed; sentenced vacated and remanded.

West Headnotes

**[1] Conspiracy 91 €═47(12)**

91 Conspiracy
   91II Criminal Responsibility
     91II(B) Prosecution
       91k44 Evidence
         91k47 Weight and Sufficiency
           91k47(3) Particular Conspiracies
              91k47(12) k. Narcotics and Dangerous Drugs. Most Cited Cases
Defendant had at least a slight connection to drug conspiracy, and thus, conviction for conspiracy to distribute cocaine would be upheld, where defendant knew that the cocaine which he sold would be broken down and distributed for resale, even though he did not know it was destined for Alaska.

**[2] Criminal Law 110 €═113**

110 Criminal Law
   110IX Venue
     110IX(A) Place of Bringing Prosecution
       110k113 k. Offenses Against United States. Most Cited Cases
Venue for drug conspiracy case was properly laid in the District of Alaska where money for the purchase came from there and the cocaine supplied by defendant was transported there for distribution. 18 U.S.C.A. § 3237(a).

*801 Jo Ann Farrington, Esq., Office Of The U.S. Attorney Federal Bldg. & U.S. Courthouse, Anchorage, AK, for Plaintiff-Appellee.
Jamie Ernest Moreno, Federal Detention Center, Seattle, WA, pro se.

On Remand from the United States Supreme Court.

Before O'SCANNLAIN, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM [FN*]

FN* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

**1 [1] Jamie Ernest Moreno appealed his convic-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

125 Fed.Appx. 801  
125 Fed.Appx. 801, 2005 WL 487315 (C.A.9)  
(Cite as: 125 Fed.Appx. 801)

Page 2

tion and sentence on one count of conspiracy to distribute cocaine. We affirmed Moreno's conviction and sentence in a memorandum disposition. *United States v. Moreno,* 93 Fed.Appx. 131 (9th Cir.2004) (unpublished disposition). The Supreme Court vacated that disposition and remanded to this court for further consideration in light of *United States v. Booker,* --- U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *Moreno v. United States,* --- U.S. ----, 125 S.Ct. 1050, 160 L.Ed.2d 994 (2005). We affirm Moreno's *802 conviction, vacate his sentence, and remand for resentencing.

I

We review the denial of Moreno's motion for acquittal for plain error because it was not renewed at the close of all the evidence. *United States v. Alvarez-Valenzuela,* 231 F.3d 1198, 1200-01 (9th Cir.2000). There was none, as Moreno knew that the cocaine which he sold would be broken down and distributed for resale. *Cf. United States v. Lennick,* 18 F.3d 814, 818-20 (9th Cir.1994) (involving growth and gift of marijuana for personal use). It is not necessary that he knew the cocaine was destined for Alaska. *See, e.g., United States v. Herrera-Gonzalez,* 263 F.3d 1092, 1095 (9th Cir.2001) (observing that a defendant need not have known all the conspirators, participated in the conspiracy from the beginning, been part of all its enterprises, or known all its details). From all the evidence, a rational trier of fact could find beyond a reasonable doubt that Moreno had at least a slight connection to the Echavarria/Alaska conspiracy. *See United States v. Skillman,* 922 F.2d 1370, 1373 (9th Cir.1990) (noting that slight connection may be proved by a defendant's willful participation in the illegal objective of a conspiracy with intent to further some purpose of it).

II

[2] Venue was not improperly laid in the District of Alaska as money for the purchase came from there and the cocaine supplied by Moreno was transported there for distribution. 18 U.S.C. § 3237(a); *see United States v. Childs,* 5 F.3d 1328, 1332 (9th Cir.1993) (upholding venue in district where evidence as a whole supports inference that the crime was committed); *United States v. Barnard,* 490 F.2d 907, 910 (9th Cir.1973) ("[T]he law is that an overt act committed in the course of a conspiracy which occurs in a district gives rise to jurisdiction to prosecute the conspirators in that district.").

III

Moreno's sentence is vacated, and the case is remanded for resentencing in light of *United States v. Booker,* --- U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

CONVICTION AFFIRMED; SENTENCE VACATED and REMANDED.

C.A.9,2005.  
U.S. v. Moreno  
125 Fed.Appx. 801, 2005 WL 487315 (C.A.9)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

170 Fed.Appx. 490
170 Fed.Appx. 490, 2006 WL 616245 (C.A.9 (Alaska))
(Cite as: 170 Fed.Appx. 490)

Page 1

**H**
U.S. v. Moreno
C.A.9 (Alaska),2006.
This case was not selected for publication in the Federal Reporter.Please use FIND to look at the applicable circuit court rule before citing this opinion. (FIND CTA9 Rule 36-3.)
United States Court of Appeals,Ninth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Jaime Ernest MORENO, aka El Loco, Defendant-Appellant.
No. 05-30240.

Submitted March 9, 2006.[FN*]

FN* This panel unanimously finds this case suitable for decision without oral argument. SeeFed. R.App. P. 34(a)(2).
Decided March 13, 2006.

**Background:** Defendant was convicted, in the United States District Court for the District of Alaska, H. Russel Holland, Chief Judge, of conspiracy to distribute cocaine. Defendant appealed. The Court of Appeals affirmed, and defendant petitioned for writ of certiorari. The United States Supreme Court granted review, vacated, and remanded.

**Holdings:** On remand, the Court of Appeals held that:
(1) defendant's admission to sale of cocaine charged in indictment did not entitle him to reduction in sentence for acceptance of responsibility, and
(2) defendant was not entitled to minimal or minor participant reduction in sentence.

Affirmed.

West Headnotes

**[1] Sentencing and Punishment 350H €—670**

350H Sentencing and Punishment
　350HIV Sentencing Guidelines
　　350HIV(B) Offense Levels
　　　350HIV(B)1 In General
　　　　350Hk670 k. Controlled Substances in General. Most Cited Cases
Defendant's uncharged drug sales amounted to "relevant conduct" for sentencing purposes, following his conviction of conspiracy to distribute cocaine, where defendant admitted to sales at issue, and uncharged sales involved similar drugs and same parties involved in charged conspiracy and occurred within two years prior to charged cocaine sale.

**[2] Sentencing and Punishment 350H €—765**

350H Sentencing and Punishment
　350HIV Sentencing Guidelines
　　350HIV(C) Adjustments
　　　350HIV(C)3 Factors Decreasing Offense Level
　　　　350Hk765 k. Acceptance of Responsibility. Most Cited Cases
Defendant's admission to sale of cocaine charged in indictment did not entitle him to reduction in sentence for acceptance of responsibility, following his conviction of conspiracy to distribute cocaine, in light of his flight, admitted obstruction of justice, denial of participation in conspiracy, and false denial of previously admitted relevant conduct. U.S.S.G. § 3E1.1, 18 U.S.C.A.

**[3] Sentencing and Punishment 350H €—764**

350H Sentencing and Punishment
　350HIV Sentencing Guidelines
　　350HIV(C) Adjustments
　　　350HIV(C)3 Factors Decreasing Offense Level
　　　　350Hk764 k. Minor or Minimal Participation. Most Cited Cases
Defendant was not entitled to minimal or minor participant reduction in sentence, following his

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

170 Fed.Appx. 490
170 Fed.Appx. 490, 2006 WL 616245 (C.A.9 (Alaska))
(Cite as: 170 Fed.Appx. 490)

Page 2

conviction of conspiracy to distribute cocaine, where defendant provided two kilograms of cocaine for sale, with knowledge that cocaine would be redistributed. U.S.S.G. § 3B1.2, 18 U.S.C.A.

**[4] Criminal Law 110 ⟿1023(11)**

110 Criminal Law
   110XXIV Review
      110XXIV(C) Decisions Reviewable
         110k1021 Decisions Reviewable
            110k1023 Appealable Judgments and Orders
               110k1023(11) k. Requisites and Sufficiency of Judgment or Sentence. Most Cited Cases
Court of Appeals lacked jurisdiction to review district court's decision not to grant downward departure in sentencing, following defendant's conviction of conspiracy to distribute cocaine, based upon defendant's contention that his criminal history category substantially over-represented seriousness of his criminal history or likelihood that he would commit other crimes. U.S.S.G. § 4A1.3, p.s., 18 U.S.C.A.

*491 Office of the U.S. Attorney Federal Bldg. & U.S. Courthouse, Anchorage, AK, for Plaintiff-Appellee.
Hugh W. Fleischer, Esq., Law Office of Hugh W. Fleischer, Anchorage, AK, for Defendant-Appellant.

Appeal from the United States District Court for the District of Alaska, H. Russel Holland, Chief Judge, Presiding. D.C. No. CR-93-00127-A-HRH.

Before: O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM FN**

FN** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

**1 Jamie Moreno appeals his sentence for his conviction of one count of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) & 846 following remand from the Supreme Court and this court for consideration of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm.

[1] Moreno argues that the district court clearly erred by finding that drug sales made by Moreno were relevant conduct under U.S.S.G. § 2D1.1. We review for clear error the district court's factual determination that the other drug sales were part of the same course of conduct as the conduct underlying the conviction. *492*United States v. Hahn*, 960 F.2d 903, 907 (9th Cir.1992). Moreno's argument that the district court improperly relied on a co-conspirator's statements is without merit. The district court premised most of its findings on Moreno's own admissions of drug dealing. Because Moreno's admitted drug dealing involved similar drugs, the same parties involved in the conspiracy and occurred within the two years prior to the charged cocaine sale, the district court did not clearly err in finding these other incidents to be relevant conduct. *Id.* at 910 (holding that relevant conduct requires "similarity, regularity and temporal proximity").

[2] Moreno asserts that he should have received a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 because he admitted at trial that he sold the two kilograms of cocaine charged in the indictment. We review for clear error the district court's factual finding that Moreno has not accepted responsibility. *United States v. Cantrell*, 433 F.3d 1269, 1284 (9th Cir.2006). The district court did not clearly err in light of Moreno's flight, admitted obstruction of justice, denial of participation in the conspiracy and false denial of previously admitted relevant conduct. *Id.* at 1284-85.

[3] Moreno argues that he was a minimal or minor

170 Fed.Appx. 490                                                                                                Page 3
170 Fed.Appx. 490, 2006 WL 616245 (C.A.9 (Alaska))
**(Cite as: 170 Fed.Appx. 490)**

participant under U.S.S.G. § 3B1.2 because he received only $500 and was not involved in many of the transactions of the drug conspiracy. We review for clear error the district court's factual finding that Moreno was not a minor or minimal participant. *Cantrell,* 433 F.3d at 1282. The district court's finding that Moreno was a direct full participant who "had his hand on all of the drugs" is not clearly erroneous. Moreno provided the two kilograms of cocaine for the sale with the knowledge that the cocaine would be redistributed.

[4] We lack jurisdiction over the district court's discretionary decision not to depart downwardly pursuant to U.S.S.G. § 4A1.3. *United States v. Linn,* 362 F.3d 1261, 1262 (9th Cir.), *cert. denied,* 543 U.S. 949, 125 S.Ct. 365, 160 L.Ed.2d 265 (2004).

**AFFIRMED.**

C.A.9 (Alaska),2006.
U.S. v. Moreno
170 Fed.Appx. 490, 2006 WL 616245 (C.A.9 (Alaska))

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.