G. Blair McCune
Attorney at Law
425 G St., Suite 620
Anchorage, Alaska  99501-2137
Tel. (907) 644-8568
Fax (907) 644-9008
E-mail: mccune@gci.net

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                                                  )<br>                          Plaintiff,   )<br>                                                  )<br>           vs.                                 )<br>                                                  )<br>JAIME ERNEST MORENO,   )<br>                                                  )<br>                          Defendant.  )<br>_____) | Case No. 3:93-cr-00127-01-HRH-JDR<br><br>**REPLY TO GOVERNMENT'S<br>RESPONSE IN OPPOSITION<br>TO DEFENDANT'S § 2255 MOTION** |

Defendant, by counsel, G. Blair McCune, Attorney at Law, files this reply to the Government's Response in Opposition to Defendant's § 2255 Motion to Vacate.  (Docket No. 231, hereafter "Opposition")

### I.  REPLY TO GOVERNMENT'S ARGUMENTS IN OPPOSITION TO COUNSEL FOR DEFENDANT'S AMENDED 28 U.S.C. § 2255 MOTION

In its Opposition, the Government was mainly concerned with opposing arguments raised by Mr. Moreno in his *pro se* § 2255 motion (Docket No. 212) and in the *pro se* memorandum Mr. Moreno filed in support of his motion (Docket No. 213, hereafter "*Pro Se* Memorandum").  Undersigned counsel filed a lengthy amended 28 U.S.C. § 2255 motion supplementing Mr. Moreno's *pro se* motion and memorandum.  (Docket No. 224, hereafter

"Amended Motion")  But the Government only devoted a single paragraph to opposing counsel's arguments.  (Opposition at 16-17)

The Government basically argues that counsel's entire argument rests on "dicta in two Fifth Circuit cases."  (Opposition at 17)  The Government further argues that, because Mr. Moreno's trial attorney cannot be faulted for failing to recognize such a subtle argument, ineffective assistance cannot be established.  *Id.*

In this reply, counsel argues that the Government has misapprehended the arguments he raised in his Amended Motion.  Although counsel did cite Fifth Circuit case law, counsel's ineffective assistance claims do not depend solely or even mainly on that case law. Counsel argued that Mr. Moreno's trial attorney's failed to object to critically-important evidence (Mr. Moreno's statements to FBI Special Agent (SA) Henderson).  The objection would have been based upon well-known federal evidence and criminal rules prohibiting use of statements made in connection with plea discussions.  (Amended Motion at 4-10)  Thus, the objection the trial attorney failed to make was not a subtle one, as the Government argues.  A reasonably competent defense attorney would have raised the objection.

SA Henderson's interview with Mr. Moreno was in connection with plea discussions.  Not one, but two federal court rules (Fed. R. Evid. 410 and the similarly-worded criminal rule, Fed. R. Cr. P. 11(e)) declare inadmissible "any statement made in the course of plea discussions" which result from a plea of guilty that is later withdrawn.  Mr. Moreno's statements were made in connection with plea discussions.  (Amended Motion at 5)  The Government does not argue otherwise.  Competent counsel should have known and been familiar with this important privilege that protected Mr. Moreno from the use of this evidence against him.

The plea discussion privilege is also analyzed in a United States Supreme Court decision, *United States v. Mezzanatto*, 513 U.S. 196, 115 S.Ct. 797 (1995). Counsel cited *Mezzanatto* in the Amended Motion. (Amended Motion at 5) Therefore, not only was the basis for the plea discussion objection issue found in court rules, a United States Supreme Court case analyzed the objection the trial attorney should have raised.

It is also apparent that the objection concerns a critically-important matter. Mr. Moreno set out, in detail and in table form, the "relevant conduct" which resulted from SA Henderson's testimony. (*Pro Se* Memorandum at 7-10) The end result was that 26 kilograms of cocaine, which was not charged in the present case, was added to 2 kilograms of the present case for a total of 28 kilograms of cocaine for which Mr. Moreno was found to be responsible. This responsibility was based on Mr. Moreno's statements to SA Henderson. *Id.* Because of the huge difference this 26-kilogram quantity made to Mr. Moreno's sentence, a competent criminal defense attorney would have thoroughly researched any possible objection to this testimony.

At this point, counsel must mention a factual matter that must be corrected. The Government contends that Mr. Moreno's statements were corroborated by statements made to her by Mr. Darío Echavarria. (Opposition at 4-5, 16-17) But this corroboration only extended to a relatively small portion of the 26 kilograms of cocaine noted above. As set out in the table, SA Henderson noted that Mr. Moreno said that he had dealings totaling 5 kilograms with Mr. Echavarria. (*Pro Se* Memorandum at 10) Mr. Echavarria apparently corroborated this amount, as well as 20 pounds of marijuana. But this leaves the large amount of 21 kilograms of cocaine solely dependent on Mr. Moreno's statements to SA Henderson. The Government's argument that Mr. Moreno suffered "no prejudice" as a result of the introduction of SA Henderson's notes

and testimony is not supported by the record and must be rejected. (Opposition at 16)[1]

There is no doubt that Mr. Moreno would have received a significantly reduced sentence had his trial attorney successfully raised an objection to SA Henderson's testimony. Mr. Moreno's trial attorney's failure to raise the plea discussion objection meets the "prejudice" prong set out in ineffective assistance of counsel case law because the results of the sentencing proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687-690 (1984).

Another issue that must be addressed is the Government's contention that "[b]ecause Mr. Moreno breached his plea agreement when he fled, the information he provided in his previous debriefings was available to be used against him in sentencing." (Opposition at 4) Mr. Moreno addressed this issue in his Amended Motion. *Id.* at 7-8. The plea agreement merely states that plea discussions statements by Mr. Moreno could only be used "in the prosecution for criminal offenses related to the transactions and violations to which the defendant cooperated, as well as in the prosecution for perjury or giving false statements." (Amended Motion at 7) Mr. Moreno argued that this court was not correct when it found that Mr. Moreno waived any objection to plea discussions statements in his plea agreement. (Amended Motion at 6-7) The Government did not address these arguments in its Opposition. Mr. Moreno continues to maintain that, based on argument and authority set out in his Amended Motion, a waiver to the admissibility of his plea discussion statements at his sentencing in the present case cannot be found.

---

[1] Counsel has discussed this factual issue with Mr. Moreno. Indeed, Mr. Moreno brought this matter to counsel's attention. Mr. Moreno requests that this court also reject the Government's arguments concerning this incorrect factual matter as they relate to the grounds Mr. Moreno raised in his *pro se* motion and memorandum.

Therefore, it is apparent that Mr. Moreno's ineffective assistance of counsel claims are based on well-recognized court rules and United States Supreme Court authority. The Government's claim regarding the Fifth Circuit dicta must be rejected. This out-of-circuit authority was cited in anticipation of an argument Government might have raised concerning Fed. R. Evid. 1101(d)(3), which declares "that the Federal Rules of Evidence do not apply during sentencing." (Interestingly, the Government decided not to make this argument.) Because there was no Ninth Circuit authority addressing the applicability of this rule, counsel noted that there was out-of-circuit case law. But in addition to this case law, counsel also cited the United States Supreme Court's statement in *Mezzanatto* that the evidence rule prohibiting admissibility of plea discussion evidence created "in effect, a privilege of the defendant." (Amended Motion at 8, citing *Mezzanatto*, 513 U.S. at 205, 115 S.Ct. at 803 (citation omitted)) Counsel's primary argument was that Fed. R. Evid. 1101(d)(3) does not apply because Fed. R. Evid. 1101(c) provides that rules "with respect to privileges" apply "at all stages of all actions, cases, and proceedings." Because the United States Supreme Court held in *Mezzanatto* that plea discussion rules establish a privilege of the defendant, plea discussion statements are inadmissible notwithstanding Fed. R. Evid. 1101(d)(3).

The Government is mistaken in its argument that counsel's Amended Motion is based on Fifth Circuit dicta. This court should reject that argument and accept the well-reason arguments supporting a finding of ineffective assistance of counsel set out in counsel's Amended Motion. Also, counsel would point out again that Mr. Moreno is not waiving the arguments he set out in his *pro se* motion and memorandum. Although counsel has not addressed the Government's arguments opposing Mr. Moreno's *pro se* pleadings, Mr. Moreno continues to maintain that his *pro se* arguments are well-founded and should be accepted by this

court.

Mr. Moreno respectfully requests that this court grant his motion to vacate, set aside, or correct his sentence.

DATED at Anchorage, Alaska April 14, 2008.

RESPECTFULLY SUBMITTED,

    s/ G. Blair McCune
G. BLAIR McCUNE
Attorney for Defendant
425 G St., Suite 620
Anchorage, Alaska  99501-2137
Tel. (907) 644-8568
Fax (907) 644-9008
E-mail: mccune@gci.net
Alaska Bar No. 7906037

Certification

I certify that on April 14, 2008 a copy of Defendant's
**REPLY TO GOVERNMENT'S RESPONSE
IN OPPOSITION TO DEFENDANT'S § 2255 MOTION**
was served electronically on:

Ms. Andrea T. Steward
Assistant United States Attorney

   s/ G. Blair McCune
Attorney at Law
Attorney for Defendant