**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>               Plaintiff,<br>vs.<br><br>JAIME ERNEST MORENO,<br><br>               Defendant. | 3-93-cr-00127-HRH-JDR<br><br>**RECOMMENDATION**<br>**REGARDING AMENDED**<br>**MOTION PURSUANT TO 28**<br>**U.S.C. § 2255**<br><br>(Docket No.224) |

       The court has now before it defendant Jamie Ernest Moreno's amended motion seeking to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 224 incorporating pro se motion and memorandum at docket Nos. 212 and 213). Said motion is made on the grounds: (1) Moreno's trial attorney failed to adequately advise him regarding the option to plead guilty and to have an open sentencing; (2) Moreno received ineffective assistance of counsel when his attorney at sentencing failed to challenge the use of statements from a government debriefing without counsel present as part of a failed plea agreement, and the use of those statements violated his right against self incrimination and violated Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f)[1]; (3) Moreno's attorney at

---

[1] Ground 2 is treated as an amended ground as per what is presented as an additional ground at Docket No. 224 because the ground at docket No. 224 is an

sentencing failed to challenge the quantity of drugs found by the court as being in violation of *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000); (4) Moreno's attorney on appeal failed to challenge the sentence for reasonableness pursuant to *United States v. Booker,* 543 U.S. 220 (2005) and *United States v. Ameline,* 400 F.3d 646 (9th Cir. 2005). The motion is opposed by the government. (Docket No. 231 amended with errata at No. 235). Moreno filed a reply thereto. (Docket No. 239). Oral argument is not requested and is not deemed necessary. For the reasons that follow Moreno's motion should be denied.

## BACKGROUND

Neither party has set forth a stellar statement of facts in this matter. Suffice it to say, however, Moreno does not take issue with the factual background of this case as set forth by the government, thus that summary supplies sufficient pertinent facts upon which to decide the issues presented.

Moreno was arrested on charges involving a conspiracy to distribute drugs. Following his arrest he entered into plea negotiations, during which he was debriefed by government agents concerning his involvement in the distribution of drugs. On March 14, 1994, he pled guilty. Before he could be sentenced he fled. On May 6, 1999, he was arrested in Dallas, Texas, and was returned to Alaska for sentencing. On October 20, 1999, Moreno was sentenced to 235 months in prison for his role in a conspiracy to distribute cocaine. That sentence was at the bottom of the sentencing range. He appealed his conviction, and the Ninth Circuit reversed because the district court failed to set forth the nature of the conspiracy charges during the plea colloquy.

Moreno's case went to trial. Moreno testified at his trial, admitting involvement in the sale of two kilograms of cocaine, but denying participation in the conspiracy. Moreno was convicted of a conspiracy involving more than 500 grams but

---

extension of ground 2.

less than five kilograms of cocaine.

Moreno's second sentencing hearing began in July 2002. FBI special agent Lou Ann Henderson testified that she had interviewed both Moreno and his co-conspirator Dario Echavarria in 1993, after Moreno's initial arrest and guilty plea. According to agent Henderson, Moreno acknowledged that during the period of April 1991, until his arrest he engaged in numerous cocaine and marijuana transactions during the two years prior to his arrest, amounting to at least 28 kilograms of cocaine and twenty pounds of marijuana. Henderson had taken extensive notes and, although several years had passed, was able to testify in detail to the information they had provided. Challenging Henderson's credibility, Moreno objected to the drug amount for which he was held responsible. He also maintained that because of the jury's special verdict he should not be sentenced for a drug amount beyond five kilograms.

In sentencing Moreno for the second time, the court rejected his arguments, finding Henderson's accounts of her interviews with him and Echavarria credible, and that the special verdict did not limit Moreno's responsibility for purposes of attribution at sentencing. The court found that the additional drug sales Moreno described to Henderson were part of the same course of conduct as the conspiracy conviction. Making a two level upward adjustment for his flight, and finding no basis for a downward departure for acceptance of responsibility, the court again sentenced Moreno to 235 months imprisonment.

Moreno appealed both his conviction and sentence. The Ninth Circuit affirmed both. With respect to his sentence, he claimed he was entitled to a reduction in his sentence based on acceptance of responsibility, and that his pattern of drug dealing during the months leading up to his participation in the conspiracy should not be considered relevant conduct based on *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000). Moreno filed a petition for writ of certiorari with the Supreme Court, and based

on *United States v. Booker,* 543 U.S. 220 (2005) it vacated the Ninth Circuit's decision remanding for further consideration. The Ninth Circuit again affirmed the conviction, but remanded for re-sentencing in light of *Booker*.

A new sentencing hearing was held on May 11, 2005, and for the third time Moreno was sentenced to 235 months imprisonment for his role in the cocaine distribution conspiracy. This time Moreno challenged Henderson's previous testimony and notes as being unreliable, and he also took the stand and directly disputed the details that Agent Henderson previously testified to. The court rejected Moreno's testimony. Noting the presentence report finding that – based on Echavarria's information – Moreno was responsible for over 3000 kilograms of marijuana, and that in the previous sentencing it had relied on Moreno's own statements as testified to by Henderson to find responsible for considerably more, the court re-adopted its previous findings with respect to the quantity of drugs for which Moreno was responsible. Again the court made an upward adjustment due to his flight, refused to make a downward departure for acceptance of responsibility, and refused to find that Moreno was a minimal participant.

Moreno again appealed his sentence. The Ninth Circuit affirmed the sentence finding: (1) the additional drug sales based on Moreno's own admissions were properly considered relevant conduct; (2) the defendant did not qualify for acceptance of responsibility; (3) the district court's finding that Moreno was not a minimal participant was not clearly erroneous; and (4) the was no jurisdiction for the Ninth Circuit to review the district court's decision to not depart downward. Now Moreno brings this motion pursuant to 28 U.S.C. § 2255.

## THE LEGAL STANDARD

In order for a defendant to succeed on an ineffective assistance of counsel claim he must allege facts which, if proved, would demonstrate that (1) counsel's actions were "outside the wide range of professionally competent assistance," and (2) "There

is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland v. Washington,* 466 U.S. 668, 687-690 (1984).

## DISCUSSION

**Ground 1**

Ground 1 alleges Moreno's trial attorney failed to adequately advise him regarding the option to plead guilty and to have an open sentencing. Ergo, he continues, he received a sentence of 235 months which was 25 to 67 months greater than what he would have received had he entered into a plea to the sole count of the indictment. He persuasively argues that he would have received a three level reduction for acceptance of responsibility, and given the court's having sentenced him to the bottom of the guideline range he therefore would likely have received a lesser sentence. He cites the cases of *Hoffman v. Arave,* 455 F.3d 926 (9th Cir. 2006) and *U.S. v. Booth,* 432 F.3d 542 (9th Cir. 2005). In those cases the Ninth Circuit found that there was both deficient performance of counsel and prejudice where the defendants' lawyers advice was inaccurate causing him to take a case to trial instead of pleading guilty and having an open sentencing. In those cases that deficient performance by counsel did indeed prejudice the defendants by foreclosing their options, and if Moreno's trial counsel's advise constituted such deficient performance he too would have been prejudiced if he would have received a lesser sentence had he submitted to an open sentencing.

As the government deftly points out, however, because Moreno received a two point enhancement for obstruction of justice due to his flight, and where a defendant has been given that enhancement acceptance of responsibility is not ordinarily awarded. U.S.S.G. § 3E1.1 Note 4. Such is the case here, since Moreno has not shown "extraordinary circumstances" for concomitantly receiving both the obstruction of justice enhancement and credit for acceptance of responsibility. *Id.* Thus, Moreno has failed

to satisfy the prejudice prong of *Strickland*.

Additionally, the transcript of Moreno's post-trial sentencing belies his contention that his counsel was deficient due to not advising him of the option to plead guilty and receive an open sentence. Moreno expressly stated to the court that he felt he had no choice but to go to trial because his trial attorney told him the government would not make a deal and he would have to plead guilty to an open sentencing of 5 to 40 years. Thus, plainly there is no basis in fact for his claim that his counsel's performance was "outside the wide range of professionally competent counsel". Having failed to meet the first prong of the *Strickland* test, this claim also fails.

**Ground 2**

Moreno claims he received ineffective assistance of counsel when his attorney at sentencing failed to challenge the use of statements from the government debriefing without counsel present as part of the failed plea agreement, and the use of those statements violated his right against self incrimination and violated Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(e). He submits that under these rules "any statement made in the course of plea discussions" which result in a plea of guilty that is later withdrawn cannot be used. Ergo, he continues, his statements were inadmissible since they were made in connection with plea discussions.[2]

The government's opposition focuses on two Fifth Circuit decisions Moreno cited as part of his argument. Moreno replies, however, that the thrust of his argument is that the admission of the statements should have been objected to under Federal Rule of Evidence 410 and Federal Rule of Criminal procedure 11(f). Lost on

---

[2] The court notes with some puzzlement the government's statement at the bottom of page 4 of it opposition: "Because Moreno had breached his plea agreement when he fled, the information that he had provided at his previous debriefings was available to be used against him in sentencing." This bold proposition is not followed by a citation to authority.

the parties is Federal Rule of Evidence 1101(d)(3) which provides that the other rules of evidence are not applicable to sentencing.[3] *See also U.S. v. Paden,* 908 F.2d 1229, 1235 n.3 (5th Cir. 1990). Rather, the sentencing court may rely upon any evidence of the defendant's credibility and responsibility that is "sufficiently reliable". *Id.* at 1235. The court made such findings regarding agent Henderson's testimony. Furthermore, Moreno's contention that the statements violated his right against incrimination are patently without merit. With the advise of counsel he willing participated in the plea negotiations. Thus, Moreno's counsel's performance was not deficient because the statements Moreno made at the government briefings were admissible against him at sentencing.

**Ground 3**

Moreno claims his attorney at sentencing failed to challenge the quantity of drugs found by the court as being in violation of *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000) because it should have been determined by a jury. The government submits, and Moreno offers no reply, that the Supreme Courts instructs that where the sentence is within the statutory maximum, *Apprendi* is inapposite. *Harris v. United States,* 536 U.S. 545, 557-558 (2002). Moreno's sentence was below the statutory maximum. Therefore, both prongs of *Strickland* are not met because Moreno's counsel did not render deficient performance since *Apprendi* would have been to no avail to him.

**Ground 4**

Moreno claims his attorney on appeal failed to challenge the sentence for reasonableness pursuant to *United States v. Booker,* 543 U.S. 220 (2005) and *United States v. Ameline,* 400 F.3d 646 (9th Cir. 2005). The government posits that Moreno's appellate counsel was not "ineffective" because there was "no reasonable likelihood of

---

[3] As for Federal Rule of Criminal Procedure 11(f) (admissibility and inadmissibility of plea discussions and related statements), it simply refers back to Federal Rule of evidence 410.

success" regarding his theory that his sentence was unreasonable under *Booker* and *Ameline*. *See Morrison v. Estelle,* 981 F.2d 425, 429 (9th Cir. 1992). Moreno offered no response to the government's argument. The government is correct. On remand the district judge recognized that under *Booker* the sentencing guidelines are advisory. He then went on to express Moreno's lack of contrition, and that his attacks on agent Henderson's testimony were not credible. Finding no reason for a downward departure from the guideline range the district judge found: "I"m satisfied that the guidelines adequately and properly guide and advise me in this case." Thus, Moreno's fourth claim fails due to his having not met the prejudice prong of *Strickland*, because he has not shown a "reasonable likelihood" of success on appeal if the "reasonableness" of his sentence had been taken up before the Ninth Circuit.

## CONCLUSION

For the foregoing reasons it is hereby recommended that Moreno's amended motion (Docket No. 224) to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be **DENIED**.

DATED this 10th day of June, 2008, at Anchorage, Alaska.

/s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge

Pursuant to D.Ak.L.M.R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **the close of business June 25, 2008**.  Failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal.  McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981).  The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation United States v. Howell, 231 F.3d 615 (9th Cir. 2000).  Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers.  Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support.  Response(s) to the objections shall be filed on or before **July 7, 2008**.  The parties shall otherwise comply with provisions of D.Ak.L.M.R. 6(a).

Reports and recommendations are not appealable orders.  Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment.  See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).