G. Blair McCune
Attorney at Law
425 G St., Suite 620
Anchorage, Alaska 99501-2137
Tel. (907) 644-8568
Fax (907) 644-9008
E-mail: mccune@gci.net

Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:93-cr-00127-01-HRH-JDR |
| Plaintiff, | ) | |
| vs. | ) | **OBJECTIONS TO RECOMMENDATION REGARDING DEFENDANT'S 28 U.S.C. § 2255 MOTION** |
| JAIME ERNEST MORENO, | ) | |
| Defendant. | ) | |

Defendant, by counsel, G. Blair McCune, Attorney at Law, files these objections to the Magistrate Judge's Recommendation Regarding Amended Motion Pursuant to 28 U.S.C. § 2255. (Docket No. 242, hereafter "Recommendation").

Mr. Moreno filed a lengthy *pro se* 28 U.S.C. § 2255 motion and memorandum. (Docket No. 212, 213, hereafter "*Pro Se* Motion"). Thereafter, undersigned counsel filed an amended 28 U.S.C. § 2255 motion supplementing Mr. Moreno's *Pro Se* Motion. (Docket No. 224, hereafter "Amended Motion"). Counsel also filed a Reply to the Government's opposition. (Docket No. 239.)

Mr. Moreno raised four Grounds in his *Pro Se* Motion. (*See* Recommendation at

1-2.)  The Recommendation correctly notes that the argument raised undersigned counsel's

Amended Motion was basically an extension of Ground 2.  (Recommendation at 1-2.)  In these

Objections, counsel will not address the recommendations the Magistrate Judge made on

Grounds 1, 3, or 4.  Counsel will only address Ground 2 in these objections.[1]

        The Recommendation correctly summarized the basis of counsel's Ground 2

argument.  (Recommendation at 6.)  The gist of this argument is that Mr. Moreno received

ineffective assistance of counsel when his attorney at sentencing failed to challenge the use of

Mr. Moreno's statements to FBI Special Agent Lou Ann Henderson during a government

debriefing.  Counsel argued that use of these statements violated Federal Rule of Evidence 410

and Federal Rule of Criminal Procedure 11(f) which prohibit use of statements made in the

course of failed plea discussions.[2]

        The principal objection Mr. Moreno has with the Recommendation is the

statement: "Lost on the parties is Federal Rule of Evidence 1101(d)(3) which provides that other

rules of evidence are not applicable to sentencing."  This statement is incorrect because Fed. R.

Evid. 1101(d)(3) was not lost on Mr. Moreno.  Undersigned counsel cited that rule in both the

Amended Motion and the Reply and explained why that rule did not apply to the privilege set

---

[1] Counsel discussed the filing of these objections on the telephone with Mr. Moreno.  Mr.
Moreno requested that counsel state in these objections that Mr. Moreno does not abandon his
arguments on Grounds 1, 3, and 4.  He rests on the briefing in his *Pro Se* Motion with regard to
those grounds.  Also, Mr. Moreno raised a separate sub-argument in Ground 2.  He argued that
his constitutional right against self-incrimination was violated by admitting SA Henderson's
statements.  (*See* Recommendation at 7.)  Counsel will not address this Ground 2 sub-argument
in these objections.  Mr. Moreno rests on his *Pro Se* Motion on this sub-argument as well.

[2] In the Amended Motion and Reply counsel mistakenly cited Fed. R. Cr. P. "11(e)."  (Amended
Motion at 4, Reply at 2.) The correct citation is to Fed. R. Cr. P. 11(f).  (*See* Recommendation
at 6.)  The Recommendation correctly states that Rule 11(f) simply provides that admissibility
of plea discussions is governed by Fed. R. Evid. 410.

out in Fed. R. Evid. 410. (Amended Motion at 8-9, Reply at 5.).

The United States Supreme Court analyzed the plea discussion privilege in

*United States v. Mezzanatto*, 513 U.S. 196, 115 S.Ct. 797 (1995).[3] In *Mezzanatto*, the

Government used the defendant's statements to impeach his testimony at trial. The issue in

*Mezzanatto* was whether a defendant's waiver of his rights under Fed. R. Evid. 410 permitted

such impeachment. The Court found it important to classify Rule 410 as establishing a

privilege and held, as follows, that such a privilege can be waived:

> Rules 410 and [Former] 11(e)(6) "creat[e], in effect, a privilege of
> the defendant," 2 J. Weinstein & M. Berger, Weinstein's Evidence
> ¶ 410[05], p. 410-43 (1994), and, like other evidentiary privileges,
> this one may be waived or varied at the defendant's request.

*Mezzanatto*, 513 U.S. at 205, 115 S.Ct. at 803-804. Thus, the United States Supreme Court held

in *Mezzanatto* that plea discussion rules establish a privilege of the defendant.

Federal Evidence Rule 1101(d)(3) does not apply in the present case because

another rule, Fed. R. Evid. 1101(c), provides that rules "with respect to ***privileges***" apply "***at all***

***stages of all actions, cases, and proceedings***." *Id.* (emphasis added). Based on Rule 1101(c),

plea discussion statements are inadmissible notwithstanding Fed. R. Evid. 1101(d)(3).

Another evidence rule, Fed. R. Evid. 501, supports Mr. Moreno's argument. Rule

501 is the general rule with regard to privileges and provides that except as otherwise required

by the constitution, statutes, or rules, privileges "shall be governed by the principles of the

common law as they may be interpreted by the courts of the United States in light of reason and

experience." Based on *Mezzanatto*, the common law of federal courts is that an evidentiary

---

[3] Counsel cited *Mezzanatto* in the Amended Motion and the Reply. (Amended Motion at 5,
Reply at 5)

privilege applies to statements of the defendant made in failed plea discussions.

Based on the foregoing argument and authority, Mr. Moreno respectfully requests that this court reject the Magistrate Judge's Recommendation on Ground 2 and grant Mr. Moreno's motion to vacate, set aside, or correct his sentence.

DATED at Anchorage, Alaska June 25, 2008.

RESPECTFULLY SUBMITTED,


_____s/ G. Blair McCune_____
G. BLAIR McCUNE
Attorney for Defendant
425 G St., Suite 620
Anchorage, Alaska  99501-2137
Tel. (907) 644-8568
Fax (907) 644-9008
E-mail: mccune@gci.net
Alaska Bar No. 7906037


Certification

I certify that on June 25, 2008 a copy of Defendant's
**OBJECTIONS TO RECOMMENDATION REGARDING DEFENDANT'S 28 U.S.C. § 2255 MOTION**
was served electronically on:

Ms. Andrea T. Steward
Assistant United States Attorney


____s/ G. Blair McCune____
Attorney at Law
Attorney for Defendant