NELSON P. COHEN
United States Attorney

ANDREA T. STEWARD
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue #9
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: aunnie.steward@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 3:93-cr-00127-HRH-JDR |
| Plaintiff, | ) |
| v. | ) |
| JAIME ERNEST MORENO, | ) GOVERNMENT'S RESPONSE TO ) DEFENDANT'S OBJECTIONS ) TO THE REPORT AND |
| Defendant. | ) RECOMMENDATION |

COMES NOW THE UNITED STATES OF AMERICA and responds to defendant's objection to Magistrate Judge John D. Roberts' Report and Recommendation regarding defendant's amended motion made pursuant to Title 28 United States Code Section 2255.

The only ground raised by the defendant in his objection to the Report and Recommendation is a claim of ineffective assistance of counsel regarding the failure to challenge at the defendant's second sentencing the use of the defendant's voluntary statements made during a debriefing by the government. The debriefing was carried out pursuant to a plea agreement entered into by the defendant. The defendant pled guilty, was debriefed and then absconded and remained a fugitive. When the defendant was re-apprehended he was sentenced to 235 months incarceration by the honorable Russell R. Holland, United States District Court Judge. The defendant appealed and his conviction was reversed. The defendant was thus re-tried and re-convicted. At the defendant's second sentencing statements made during his debriefing pursuant to the plea agreement—and corroborated by his co-conspirator—were used to establish relevant conduct.

The defendant has acknowledged in his Amended Petition that defense counsel at sentencing did in fact protest the use of those statements. See Docket No. 224 at 6. The defendant also noted in his Amended Petition that the district court specifically rejected that argument finding that the plea agreement contemplated use of the defendant's statements if he failed to cooperate with the

government.[1]  See id.  The defendant nonetheless argues in his Objections at Docket No. 243 at 2 that the attorney at sentencing failed to effectively challenge the use of the defendant's statements and concludes that this failure constitutes ineffective assistance of counsel.

The defendant's Amended Petition at Docket No. 224 at 6 sets out that the attorney did challenge the use of the statements at sentencing and that this challenge was rejected by the district court.  Thus, the defendant's argument that counsel is ineffective for failing to effectively challenge the use of the defendant's statements is without merit.  Moreover, even if the attorney at sentencing had failed to challenge the use of the statements, it would still not establish any prejudice because, as the district court held, the defendant had waived his privilege regarding those statements by entering the plea agreement that provided for the defendant's cooperation and use of his statements against him if he failed to cooperate.

The report and recommendation sets out that Federal Rule of Evidence 410, which bars the use of plea discussions does not apply in the context of a

---

[1] The R&R at Docket No. 242 p. 6, n. 2, states that the government in its opposition made an unsupported statement regarding the effect of the defendant's breach of the plea agreement. The government relies on the district court's finding that the plea agreement expressly provides that the defendant's failure to cooperate entitled the government to use the information provided by the defendant to establish relevant conduct. Docket No. 212, Ex. A at 5–6.

sentencing pursuant to Federal Rule of Evidence 1101(d)(3), and concludes that the statements were properly admitted on this basis. Docket No. 242 at 7. The defendant argues in his objection that Rule 410 is actually a privilege and not just a rule of evidence and as such it is applicable at sentencing pursuant to Federal Rule of Evidence 1101(c). As pointed out in the defendant's Objections, however, the United States Supreme Court has held that this privilege can be waived. See Docket No. 243 at 3 (citing United States v. Mezzanatto, 513 U.S. 196 (1995). As set our previously, it was the district court's finding that the plea agreement expressly provided for the use of the defendant's statements. Thus, as provided for the U.S. Supreme Court and held by the district court, the defendant waived his right to any privilege that may have applied.

## CONCLUSION

For all of the reasons provided above and in previous filings the United States respectfully requests that this court deny the defendant's Motion to Vacate his Sentence and adopt the Report and Recommendation. The defendant has not shown that the alleged errors of his three different attorneys fell below an objective standard of reasonableness as is required by Strickland and, moreover, the defendant has not shown that prejudice resulted from any errors by his attorney. Thus, the defendant is not entitled to relief for ineffective assistance of

counsel pursuant to 28 U.S.C. § 2255.  Because the record conclusively shows that the defendant is not entitled to relief, the defendant's amended motion at Docket No. 224 to vacate, set aside, or correct sentence pursuant to 18 U.S.C. § 2255 should be denied.

  RESPECTFULLY SUBMITTED this 7th day of July 2008, at Anchorage, Alaska.

            NELSON P. COHEN
            United States Attorney


            s/ Andrea T. Steward
            ANDREA T. STEWARD
            Assistant U.S. Attorney
            Federal Building & U.S. Courthouse
            222 W. 7th Avenue #9
            Anchorage, Alaska 99513-7567
            Phone: (907) 271-5071
            Fax: (907) 271-1500
            Email: aunnie.steward@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2008,
a copy of the foregoing **GOVERNMENT'S
RESPONSE TO DEFENDANT'S
OBJECTIONS TO THE REPORT
AND RECOMMENDATION**
was served electronically on:

G. Blaire McCune,
Counsel for Defendant


s/ Andrea T. Steward
Assistant U.S. Attorney