IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

```
UNITED STATES OF AMERICA,       )
                                )
                    Plaintiff,  )
                                )
    vs.                         )
                                )
JAIME ERNEST MORENO,            )
                                )     No. 3:93-cr-0127-HRH
                    Defendant.  )
_____)
```

O R D E R

Motion to Vacate Sentence[1]

Defendant Moreno's motion pursuant to 28 U.S.C. § 2255 has been considered by the assigned United States Magistrate Judge. The motion was opposed by the Government. An initial report and recommendation was served and filed by the magistrate judge.[2] Provision was made for the taking of objections. Objections were filed on behalf of defendant, and the Government has replied to the same.[3]

---

[1] Defendant first filed a pro se motion to vacate, set aside, or correct his sentence; after appointment of counsel, an amended motion was filed. Docket Nos. 212 and 224.

[2] Docket No. 242.

[3] Docket Nos. 243 and 244.

- 1 -

Defendant asserted four grounds for his motion as set forth at the outset of the initial report and recommendation. Each of defendant's contentions were claims of ineffective assistance of counsel at various stages of the case. No evidentiary hearing was conducted with respect to this motion because there were no disputes of material fact.

Except as otherwise set out below, the court finds that the factual and procedural background for defendant's motion to vacate are as set forth in the initial report and recommendation, pages 2 through 4.

The standard for evaluating motions based upon claims of ineffective assistance of counsel flow from <u>Strickland v. Washington</u>, 466 U.S. 668, 687-690 (1984), and there is no disagreement that the <u>Strickland</u> standard applies in this case.

<u>Ground 1</u>

Defendant's first contention is that his trial attorney failed to adequately advise him regarding the option to plead guilty and have open sentencing. For the reasons set forth by the magistrate judge in his initial report and recommendation, pages 5-6, the court concludes that defendant has failed to demonstrate that counsel's conduct was outside the wide range of professionally competent assistance or that there was any reasonable probability that, but for counsel's conduct, the results of the proceedings would have been different.

- 2 -

As detailed in the magistrate judge's statement of the background and proceedings in this case, it is entirely clear to the court that defendant and his initial attorney must necessarily have consulted extensively on the subject of guilty pleas. Defendant negotiated a guilty plea and was sentenced in 1999. That judgment was reversed, and defendant went to trial and was convicted after his plea deal had fallen apart because defendant breached his plea agreement when he failed to testify against others.[4] As emphasized by the magistrate judge, defendant has admitted that he was offered and refused open sentencing inasmuch as he faced five to forty years' imprisonment. Defendant's own words[5] make it clear that he was offered open sentencing and refused it in consultation with counsel.

## Ground 2

Defendant contends that he received ineffective assistance of counsel when his attorney <u>at sentencing</u> failed to challenge the use of statements of the defendant that were made as part of the failed plea agreement. He contends that use of those statements violated

---

[4]Docket No. 212-2.

[5]
> The next day, he [defense counsel] came back and he said, 'They're not going to put a – they're not going to make you a deal unless you get a deal for five to 40 years, an open sentence.' so I had no choice.

Docket No. 212-2 at 20.

Rule 410, Federal Rules of Evidence, and Rule 11(f), Federal Rules of Criminal Procedure. The parties disagree sharply as to the application of Rule 410 and, as well, the role in this case of Rule 1101(d), Federal Rules of Evidence. Relying upon Rule 1101(d)(3), the magistrate judge concluded that defendant's statements made in conjunction with a proposed change of plea were properly considered by the court in sentencing defendant after trial. The magistrate judge then concluded that defense counsel's performance was not deficient, that there was no <u>Strickland</u> error. Defendant's objections to the initial report and recommendation and the Government's response thereto put the foregoing issue in sharper focus.

Criminal Rule 11(f) merely refers us to Evidence Rule 410. Evidence Rule 410 provides in pertinent part that:

> Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:
>
> (1) a plea of guilty which was later withdrawn;
>
> (2) a plea of nolo contendere;
>
> (3) any statement made in the course of any proceedings under Rule 11 of the Federal Rules of Criminal Procedure or comparable state procedure regarding either of the foregoing pleas; or
>
> (4) any statement made in the course of plea discussions with an attorney for the prosecuting authority which do not result in a

>     plea of guilty or which result in a plea of
>     guilty later withdrawn.

Evidence Rule 1101(d) provides in pertinent part:

>     (d) <u>Rules inapplicable</u>.  The rules (other
>     than with respect to privileges) do not apply
>     in the following situations:
>
>     ....
>
>     (3) <u>Miscellaneous proceedings</u>.  Proceedings
>     for extradition or rendition; preliminary
>     examinations in criminal cases; sentencing, or
>     granting or revoking probation; issuance of
>     warrants for arrest, criminal summonses, and
>     search warrants; and proceedings with respect
>     to release on bail or otherwise.

Evidence Rule 1101(d) unequivocally provides that the rules of evidence do not apply in certain situations, including sentencing hearings. Reading past the parenthetical phrase included in Evidence Rule 1101(d), one would conclude that Evidence Rule 410 is abrogated for purposes of sentencing hearings such that a defendant's statements in conjunction with a failed plea agreement would become admissible. On its face, Evidence Rule 410 is not a rule of privilege, it is a rule having to do with the admissibility of evidence. Thus, even the parenthetical phrase contained in the introduction to Evidence Rule 1101(d), which in substance creates an exception to the exception, would appear not to render the defendant's statements inadmissible.

The magistrate judge, in his final recommendation to the court, addressed the parties' discussion of <u>United States v. Mezzanatto</u>, 513 U.S. 196 (1995). The final recommendation distin-

guishes <u>Mezzanatto</u> from this case.  In <u>Mezzanatto</u>, the defendant's plea discussion statements were used against him at trial.  In this case, defendant's statements were not used at trial.  Rather, the defendant's statements were employed in the course of a sentencing hearing.  In <u>Mezzanatto</u>, the United States Supreme Court held that the defendant could and did effectively waive his opportunity to preclude the use of his statements at trial.

In both the initial and final report and recommendation, the magistrate judge relies upon <u>United States v. Paden</u>, 908 F.2d 1229, 1235 n.3 (5th Cir. 1990), for the proposition that Evidence Rule 410 is inapplicable in this case because of the provisions of Evidence Rule 1101(d)(3).  Like the Fifth Circuit, the Ninth Circuit has also ruled, in <u>United States v. Chavaria-Angel</u>, 323 F.3d 1172, 1175-76 (9th Cir. 2003), that "the rules of evidence do not apply in sentencing proceedings and, therefore, district courts may consider all relevant evidence when sentencing a defendant."  The Ninth Circuit has also looked at the issue of waiver after <u>Mezzanatto</u>, but in the context of using statements made during plea negotiations at trial, not at sentencing.  In <u>United States v. Rebbe</u>, 314 F.3d 402 (9th Cir. 2002), the government used statements made by Rebbe during failed plea negotiations in its rebuttal case.  Rebbe and his attorney had signed a waiver that permitted the government to use his proffer statements for purposes of cross-examination and to rebut any evidence offered by

Rebbe in connection with a trial. Id. at 404. Citing Mezzanatto, the court stated that "Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(e)(6) ... are subject to waiver for purposes of impeachment, so long as the waiver was knowing, voluntary and intelligent." Id. at 406. But the foregoing does not address defendant's argument that Mezzanatto creates a "privilege"[6] that places defendant's situation outside the provisions of Evidence Rule 1101(d).

Although the procedural differences between Mezzanatto and this case are significant and real, what the Supreme Court said about Evidence Rule 410 in the course of concluding that waiver with respect to that rule was legally possible is troubling. The court said:

> Rules 410 and 11(e)(6) "creat[e], in effect, a privilege of the defendant," 2 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 410[05], p. 410-43 (1994), and, like other evidentiary privileges, this one may be waived or varied at the defendant's request.

Justice Thomas' foregoing statement about Evidence Rule 410 may well be dicta. The plain and necessary holding of the Mezzanatto opinion is that a defendant can waive the inadmissibility of statements made by him in the course of failed plea negotiations. Moreover, Justice Thomas may not have used the word "privileges" as

---

[6]Docket No. 243 at 3.

- 7 -

a legal term of art.[7]  However, the court is loathe to ignore a statement by the United States Supreme Court which appears on its face to stand for the proposition that Evidence Rule 410 creates a privilege.

In light of the foregoing, the court concludes that statements made by defendant Moreno in the course of failed plea negotiations may be covered by the parenthetical "other than with respect to privileges" clause contained in Evidence Rule 1101(d).  However, defendant Moreno, like Mezzanatto, could and did as explained below waive the privilege to rely upon Evidence Rule 410 at sentencing.

On March 14, 1994, defendant executed a plea agreement that was cosigned by his then attorney as well as counsel for the Government.[8]  In the agreement, the defendant agreed to cooperate with the Government and to answer government agents' questions. More specifically, the agreement obligated defendant to give "truthful, complete, and accurate testimony before federal grand juries and during any trials upon any indictments returned by grand juries as a result of such investigations."[9]  The agreement continues:

---

[7]The right to object to inadmissible evidence is one thing. The right to avoid self-incrimination is another: a constitutional privilege.

[8]Docket No. 46 (under seal).

[9]Id. at 3.

> Should the defendant, at any time before the completion of these investigations and any resulting trials, refuse to cooperate, provide false or misleading information, decline to testify, or testify falsely, all information in the possession of the United States which the defendant has previously provided may be used against the defendant in a prosecution for the transactions and potential violations to which the defendant has cooperated, as well as in prosecution for perjury or giving false statements.[10]

As already stated, defendant breached the plea agreement when he declined to testify against other defendants who were under investigation. Accordingly, and assuming that Rule of Evidence 410 creates a privilege, the Government was entitled to use defendant's statements against him for purposes of sentencing. For this reason, the court concludes that there was no <u>Strickland</u> error on the part of counsel when no objection was made with respect to Government use of defendant's own statements.

<u>Ground 3</u>

Defendant contends that his attorney at sentencing failed to challenge the quantity of drugs found by the court based upon <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000). Defendant does not object to the magistrate judge's disposition of this contention at page 7 of the initial report and recommendation. The court concludes, as did the magistrate judge, that there was no possible

---

[10]<u>Id.</u> at 3-4.

Apprendi violation, and therefore no ineffective assistance of counsel for purposes of Strickland.

### Ground 4

Finally, defendant claims that his appeal attorney failed to challenge the sentence for reasonableness pursuant to United States v. Booker, 543 U.S. 220 (2005), and United States v. Ameline, 400 F.3d 646 (9th Cir. 2005).  Defendant does not object to the magistrate judge's initial recommendation as to this contention as set forth at pages 7 through 8 of the initial report and recommendation.

For the reasons set forth by the magistrate judge, the court concludes that there was no reasonable likelihood of a successful contention that defendant's sentence was unreasonable under Booker and Ameline.  On remand for Booker re-sentencing, the court extensively considered not only the advisory guidelines, but also the sentencing factors of 18 U.S.C. § 3553(a) in re-sentencing the defendant.[11]  Accordingly, defendant has not met the prejudice element of Strickland, for there is no reasonable likelihood that on appeal the circuit court would have found this court's sentence unreasonable.

### Conclusion

For the foregoing reasons, the recommendation of the United States magistrate judge that the amended motion to vacate, set

---

[11] Docket No. 235-3; see, in particular, pages 45-47.

aside, or correct sentence (which included the original motion) pursuant to 28 U.S.C. § 2255 be denied is adopted with the amplification set out above.  Defendant's motion[12] is denied.

DATED at Anchorage, Alaska, this <u>15th</u> day of July, 2008.

<u>/s/H. Russel Holland</u>
United States District Judge

---

[12]Docket Nos. 212 and 224.