Case 3:93-cr-00127-HRH-JDR   Document 248   Filed 09/12/2008   Page 1 of 5

G. Blair McCune
Attorney at Law
425 G St., Suite 620
Anchorage, Alaska 99501-2137
Tel. (907) 644-8568
Fax (907) 644-9008
E-mail: mccune@gci.net

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JAIME ERNEST MORENO, )<br>)<br>Defendant. )<br>) | Case No. 3:93-cr-00127-01-HRH-JDR<br><br>**MOTION FOR CERTIFICATE**<br>**OF APPEALABILITY** |

Defendant Jaime Ernest Moreno, by counsel G. Blair McCune, Attorney at Law, moves this court to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c). In conjunction with this motion, Mr. Moreno is also filing a notice of appeal from the final judgment dismissing his application for post-conviction relief pursuant to 28 U.S.C. § 2255.

**I. CERTIFICATE OF APPEALABILITY STANDARDS**

Under Fed. R. App. P. 22(b), if an applicant in a 28 U.S.C. § 2255 proceeding "files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." Based on the following argument and authority, Mr. Moreno respectfully requests that this court issue a certificate of

appealability.

Mr. Moreno acknowledges that the standards for issuing a certificate of appealability are high. Under 28 U.S.C. § 2253(c)(2) a certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." Although the language of 28 U.S.C. § 2253 is not entirely clear on this matter, district court judges do have authority to issue certificates of appealability. *United States v. Asrar*, 116 F.3d 1268 (9th Cir. 1997).

## II. GROUNDS FOR ISSUING A CERTIFICATE OF APPEALABILITY

Undersigned counsel moves for a certificate of appealability on behalf of Mr. Moreno only on Ground 2 as addressed in this court's order denying Mr. Moreno's 28 U.S.C. § 2255 motion. (Docket No. 246 at 3-9) (hereafter "Order")

This court's Order correctly summarizes the basis of Mr. Moreno's Ground 2 argument. (Order at 3-4) The gist of this argument is that Mr. Moreno received ineffective assistance of counsel when his attorney at sentencing failed to challenge the use of Mr. Moreno's statements to FBI Special Agent Lou Ann Henderson during a government debriefing. Mr. Moreno argued that use of these statements violated Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f) which prohibit use of statements made in the course of failed plea discussions. (Order at 3-5)

In ruling on this issue, this court gave Mr. Moreno the benefit of the doubt. Although this court was certainly skeptical, this court found that the legal theory underlying Mr. Moreno's arguments might have merit. (Order at 8) This court stated that the court was "loath to ignore" [Order at 8] the statement by the United States Supreme Court in *United States v. Mezzanatto*, 513 U.S. 196, 115 S.Ct. 797 (1995) that Fed. R. Evid. 410 "creates, in effect, a

privilege of the defendant." *Mezzanatto*, 513 U.S. at 205, 115 S.Ct. at 803-804 (citations omitted). Therefore, this court was willing to acknowledge that Mr. Moreno's plea discussion statements "may be covered" [Order at 8] by the provision of Rule 1101(d)(3) which provides that the rules of evidence do not apply to sentencing proceedings "(other than with respect to privileges)".

Although this court acknowledged the potential merit of Mr. Moreno's legal theory, this court nonetheless found that Mr. Moreno waived his Rule 410 privilege. Mr. Moreno respectfully argues that this court was wrong in finding a waiver and requests that this court grant him a certificate of appealability on the Ground 2 issue.

This court found the waiver in a provision of the plea agreement signed by Mr. Moreno, his attorney, and the Government. (Order at 8-9) The provisions of the plea agreement are set out in full in this court's Order and will not be repeated in this motion. (Order at 8-9) The most important part of the agreement for purposes of this discussion is the provision which states that information the defendant "has previously provided may be used against the defendant in a prosecution for the transactions and potential violations to which the defendant has cooperated, as well as in prosecution for perjury or giving false statements." (Order at 9)

Mr. Moreno contends that this waiver was not a sufficient basis to admit to statements in a sentencing proceeding in the same case.[1] The agreement does not specifically provide that the statements could be used at a sentencing in the same case. The waiver provision only provides that the statements could be used "in a prosecution for the transactions

---

[1] Mr. Moreno previously raised essentially the same argument he is making here in his amended § 2255 motion. (Docket No. 224 at 6-8.)

and potential violations to which the defendant has cooperated."

In making his argument, Mr. Moreno relies on the rules of construction for plea agreements. In *United States v. Cope*, 527 F.3d 944 (9th Cir. 2008), the Ninth Circuit addressed these construction rules. The court held that, for the most part, plea agreements are construed using the "ordinary rules of contract interpretation." *Id.* at 950 (citations omitted). But, when the Government drafts the plea agreement, "ambiguities are construed in favor of the defendant." *Id.* (citations and internal quotations omitted).

Given these rules of construction, Mr. Moreno contends that, although he could be held to an agreement that his statements could be used "in a prosecution" for other criminal offenses, he made no agreement that the statements could be used at a *sentencing* in the same case in which the plea agreement was filed. Therefore, Mr. Moreno respectfully submits that this court's conclusion that the plea discussion statements could be used against him at sentencing based on a waiver is not correct.

Mr. Moreno contends that he has made a "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253. He has argued that his attorney provided him with ineffective assistance of counsel under the sixth amendment to the United States Constitution. (Order at 9) This court has found that the legal basis of Mr. Moreno's ineffective assistance of counsel argument may have merit. (Order at 8) Therefore, Mr. Moreno may well have established a sixth amendment claim but for the waiver provision of his plea agreement. But Mr. Moreno also made a substantial showing, based on the arguments set out above, that this court's decision that Mr. Moreno waived his privilege is not correct. Mr. Moreno respectfully requests that this court review the totality of the arguments he has made and grant him a certificate of appealability.

*U.S. v. Moreno, 3:93-cr-127-HRH*  
*Motion for Certificate of Appealability*  
Page 4

### III.  CONCLUSION

Mr. Moreno respectfully requests that this court issue a certificate of appealability permitting him to appeal the denial of his 28 U.S.C. § 2255 motion to the United States Court Of Appeals for the Ninth Circuit.

DATED at Anchorage, Alaska September 12, 2008.

RESPECTFULLY SUBMITTED,

\_\_\_\_s/ G. Blair McCune\_\_\_\_
G. BLAIR McCUNE
Attorney for Defendant
425 G St., Suite 620
Anchorage, Alaska  99501-2137
Tel. (907) 644-8568
Fax (907) 644-9008
E-mail: mccune@gci.net
Alaska Bar No. 7906037


Certification

I certify that on September 12, 2008 a copy of Defendant's
**MOTION FOR CERTIFICATE OF APPEALABILITY**
was served electronically on:

Ms. Andrea T. Steward
Assistant United States Attorney


\_\_\_s/ G. Blair McCune\_\_\_
Attorney at Law
Attorney for Defendant